524 P.2d 1394 (1974)
Frank Elvin DODGE, Plaintiff-Appellant,
v.
MONTROSE POTATO GROWERS COOPERATIVE ASSOCIATION et al., Defendants-Appellees.
No. 73-268.
Colorado Court of Appeals, Div. I.
July 16, 1974.
*1395 Herbert M. Boyle, Denver, for plaintiff-appellant.
Brooks, Miller, Lincoln & Brooks, Ralph E. Miller, Montrose, for defendants-appellees.
Selected for Official Publication.
ENOCH, Judge.
Plaintiff-appellant initiated this action charging defendants-appellees with malicious prosecution. Plaintiff appeals from a summary judgment entered for defendants. We affirm.
The trial court granted defendants' motion for summary judgment on the grounds that the six-year statute of limitations barred the action and that there was probable cause for the filing of the original information. Plaintiff contends that the court erred on both grounds. We will consider only the issue of the statute of limitations and the facts relative thereto, as the resolution of this issue is dispositive of the case.
The record consists of the pleadings, admissions by plaintiff made during pretrial discovery, the deposition of plaintiff, and affidavits filed by defendants in support of their motion for summary judgment. Plaintiff did not file any counter-affidavits. The following facts are undisputed. Plaintiff was arrested in May 1964 on a criminal complaint sworn out by defendants charging that plaintiff had violated C.R.S.1953, 7-5-13(2) (obtaining possession of farm products by fraud). In October 1964 plaintiff entered a plea of guilty and was sentenced to three to five years in the state penitentiary. In September 1965 plaintiff filed a motion under Crim.P. 35(b) which resulted in vacation of the sentence and guilty plea. The district attorney subsequently filed an amended complaint, and at trial in Montrose County on January 17, 1966, the court acquitted plaintiff and released him from custody. Later that day, plaintiff was arrested in Fremont County on a warrant from Otero County and released on bond on January 19, 1966. Plaintiff was out on bond until again arrested on October 17, 1966. He was again released on bond on October 18, 1966. On April 21, 1967, plaintiff was arrested on an El Paso County warrant and released on bond on the same date. The final arrest occurred June 12, 1969, and plaintiff was incarcerated in the state penitentiary from June 19, 1969, until sometime in 1971, when he was released on parole. The nature of the felony charge which resulted in the conviction and subsequent imprisonment from 1969 to 1972 does not appear in the record and is not material to the disposition of this case.
Malicious prosecution suits must be commenced within six years after the cause of action accrues. C.R.S.1963, 87-1-11(8). A necessary element of a cause of action for malicious prosecution is termination of the proceedings in favor of the accused. W. Prosser, Torts § 119 at 835 (4th ed. 1971). Therefore, plaintiff's alleged cause of action accrued on January 17, 1966, the date of his acquittal. The complaint in this case was filed in January 1973, one year beyond the applicable period of limitations, and is therefore barred unless plaintiff falls within one of the exceptions to the statute enumerated in C.R.S.1963, 87-1-17:
"If any person entitled to bring any action mentioned in this article, is under the age of twenty-one years, insane, imprisoned, or absent from the United States, at the time when the cause of action accrues, such person may bring said action, within the time in this article respectively limited, after the disability is removed."
On the day plaintiff's cause of action arose, he was arrested and incarcerated on another criminal charge. However, he was released on bail two days later. A person released on bail is not "imprisoned" within the meaning of the disability statute. Bock v. Collier, 175 Or. 145, 151 P.2d 732. Thus, plaintiff's disability at the time his cause of action accrued extended the *1396 period of limitations only two days. C.R.S.1963, 87-1-17.
Plaintiff contends that even though the statutory period of limitations had elapsed, he was entitled to an equitable exception to the statute. As authority for such an exception, plaintiff cites Klamm Shell v. Berg, 165 Colo. 540, 441 P.2d 10; and City of Colorado Springs v. Colburn, 102 Colo. 483, 81 P.2d 397. In Klamm Shell, the Supreme Court held that defendant was not entitled to rely on the statute of limitations where his intentional tort had caused plaintiff's mental incapacity, which arose after the cause of action accrued but before the period of limitation expired. The plaintiff in Colburn was excused from giving the required notice of her claim to defendant city because her mental and physical incapacity resulted from the city's alleged tort. Thus, in each of these cases, plaintiff's practical inability to bring suit or to give notice was the direct result of the acts or omissions of defendant.
In the case at hand, plaintiff contends it was error to grant a summary judgment because portions of the record raised an issue of fact as to whether his subsequent arrests and imprisonments were caused by defendants. He further argues that if in fact the defendants' actions caused his inability to sue, he falls within the equitable exception announced in Klamm Shell, supra. We find no merit in this contention. Plaintiff's pleadings do not allege nor does any of the evidence indicate or even permit the inference that defendants were involved in any of the charges or arrests subsequent to the 1964 arrest and judgment of acquittal in January 1966. There were no disputed facts relative to the application of the statute of limitations; therefore the trial court properly granted the motion for summary judgment.
Finally, plaintiff contends that the statute of limitations was tolled during his imprisonment in 1969-71 because, according to his argument, an imprisoned felon is prohibited from bringing civil actions. We disagree. No statutory or case law in Colorado specifically denies a felon the right to bring civil actions while imprisoned. However, assuming arguendo that civil suits cannot be maintained by prisoners, plaintiff has cited no authority and we find none for the proposition that this fact alone automatically tolls the statute of limitations. In other states which expressly suspend the civil rights of prisoners, the statute of limitations governing civil actions runs during the period of their incarceration, if the cause of action accrued prior to imprisonment. See N.Y. Penal Law § 510 of the Law of 1909 (App.McKinney's Consol.Laws, c. 88 1967); Gershinsky v. State, 6 A.D.2d 964, 176 N.Y.S.2d 667, aff'd, 6 N.Y.2d 798, 188 N.Y.S.2d 190, 159 N.E.2d 681; Comment, The Collateral Consequences of a Criminal Conviction, 23 Vand.L.Rev. 929, 1026 (1970); Note, Methods of Circumventing the Civil Disabilities of Convicts, 48 Yale L.J. 912, 914 (1939). Statutes of limitations are favored in the law, and exceptions are to be strictly construed. See Van Diest v. Towle, 116 Colo. 204, 179 P.2d 984. Therefore, we hold that, irrespective of whether a prisoner is entitled to bring civil actions, the statute of limitations is not tolled under C.R.S.1963, 87-1-17, by imprisonment which commences after the cause of action accrues.
Judgment affirmed.
COYTE and RULAND, JJ., concur.