534 P.2d 339 (1975)
Robert I. STRADER and Margaret G. Strader, Plaintiffs-Appellants,
v.
BENEFICIAL FINANCE COMPANY OF AURORA and Public Trustee of Arapahoe County, Defendants-Appellees.
No. 74-243.
Colorado Court of Appeals, Div. I.
February 4, 1975.
Rehearing Denied March 4, 1975.
Certiorari Granted April 28, 1975.
*341 Scott, Goddard & Bush, P. C., Greg L. Goddard, Roger D. Bush, Denver, for plaintiffs-appellants.
Grant, Shafroth, Toll & McHendrie, P. C., Herbert A. Delap, Denver, for defendant-appellee Beneficial Finance Co. of Aurora.
Selected for Official Publication.
RULAND, Judge.
In an action arising under the Uniform Consumer Credit Code, § 5-1-101 et seq., C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 73-1-101 et seq.) (hereinafter cited as the UCCC or by section number), plaintiffs, Robert I. and Margaret G. Strader (Straders), appeal from a judgment denying their claims against defendant Beneficial Finance Company of Aurora for cancellation of a debt and an award of attorneys' fees. We modify the judgment and, as modified, affirm.
The record reflects that sometime in October 1971 Straders contacted Beneficial to consolidate a previous loan with a new loan for home improvements and other personal expenses. The closing on the loan took place on November 30, 1971, or December 1, 1971, at which time the manager of Beneficial reviewed the loan disclosure statement with Straders. The statement shows the principal amount of the loan to be $3,974.88 and the finance charge $1,737.12, for a total indebtedness of $5,712. The space for the annual percentage rate on the loan disclosure statement was left blank. The loan was secured by a second deed of trust on Straders' residence and household furnishings. The promissory note required loan payments of $119 per month for 48 months.
Audits of Beneficial by the Colorado Office of Consumer Affairs revealed that Beneficial had not disclosed the annual rate of interest to Straders. As a result of the audits, an officer of Beneficial mailed a handwritten note which was received by Straders on November 17, 1972, stating:
"Please be advise [sic] that the APR [Annual Percentage Rate] on your Loan with us is 19.07% per Federal Law."
In a letter dated November 20, 1972, Straders informed Beneficial of their intention to rescind the loan transaction.
On December 7, 1972, Straders filed a complaint with the Office of Consumer Affairs requesting assistance in termination of the security interests held by Beneficial and an opinion on further obligations on the loan. Straders also terminated their loan payments to Beneficial at about this time.
Despite discussions between the Office of Consumer Affairs and both Straders and Beneficial, no agreement was reached regarding release of the security held by Beneficial and terms for repayment by Straders of the unpaid principal of the loan. Mr. Strader therefore filed the present action in March of 1973 asserting three claims for relief. Mrs. Strader was subsequently joined as a party plaintiff.
In the first claim, Straders alleged that Beneficial represented that the annual interest rate upon the loan would be 18 percent or less, that Straders relied thereon, that Beneficial failed to fill in the annual percentage rate on the loan disclosure statement because of the representation, and that, therefore, Beneficial was liable for failure to make a disclosure required *342 by the UCCC. Straders requested damages and reasonable attorneys' fees pursuant to § 5-5-203 of the UCCC.
In their second claim, Straders alleged that they had properly rescinded the loan pursuant to § 5-5-204 of the UCCC, that Beneficial had failed within 10 days after receipt of notice of rescission to release its security interests, and that, therefore, Beneficial had no further claim for the unpaid amount on the loan. Straders requested an order releasing all security interests and cancellation of the debt. They did not plead or prove any actual damages arising from Beneficial's failure to comply with § 5-5-204.
Straders' third claim for relief requested exemplary damages for willful and wanton misconduct. However, this claim was dismissed by the trial court, and no appeal is taken from that dismissal.
Prior to trial the Public Trustee of Arapahoe County was added as a party defendant. The Public Trustee is not a party to this appeal.
Beneficial answered the complaint raising various defenses and asserted a counterclaim for the amount of the note and interest. Straders replied to the counterclaim alleging that they had no further liability on the note and asserting that if the note were valid they were entitled to a set-off under the UCCC, and requested an award of attorneys' fees.
Following presentation of evidence in a trial to the court, the court determined, inter alia, that: The loan involved was a consumer loan pursuant to § 5-3-104 of the UCCC; Beneficial failed to disclose the interest rate to Straders at the loan closing; no disclosure was made until about November 16 or 17, 1972; and Straders properly rescinded the loan on November 20, 1972. The trial court also determined there was no evidence to support the allegation that Beneficial represented that the interest rate would be limited to 18 percent.
On the basis of its findings, the court concluded that this loan transaction was governed by part 2 of article 5 of the UCCC. The court determined that Beneficial's failure to disclose the interest rate was a violation of the UCCC, that the violation occurred at the time of the loan closing, but that recovery of attorneys' fees and penalties pursuant to § 5-5-203(1) (a) and (b) was barred by the statute of limitations contained in § 5-5-203(5) of the UCCC. The court further determined that Straders were not entitled to recover attorneys' fees under § 5-5-202(8) of the UCCC.
The court also concluded that Straders' notice of rescission, mailed November 20, 1972, was effective, and that the security interests acquired in Straders' property were void. However, the court determined that Straders' debt was not thereby cancelled.
Both parties filed motions for new trial or to amend the judgment. The court granted Beneficial's motion to the extent that recovery was allowed for the principal balance of the promissory note less a setoff to the extent of $1,000 pursuant to § 5-5-205. Straders then perfected this appeal contending that the trial court should have cancelled the debt and should have held Beneficial liable for penalties and attorneys' fees incurred by Straders.

I. Effect of Statute of Limitations
In the event of noncompliance with the disclosure provisions of the UCCC, a debtor on a consumer loan may bring an action pursuant to § 5-5-203(1)(a) to recover twice the amount of the loan finance charge made in connection with the transaction up to a maximum of $1,000. In a successful action of this type, a debtor will also recover costs plus attorneys' fees under § 5-5-203(1) (b).
Straders first contend that the trial court erred in holding that their claim pursuant to § 5-5-203 was barred by the one-year *343 statute of limitations contained in § 5-5-203(5).
Section 5-5-203(5) provides:
"No action pursuant to this section may be brought more than one year after the date of the occurence [sic] of the violation." (emphasis added)
The UCCC does not define the "date of the occurrence of the violation." In support of their position, Straders argue that failure to disclose is a continuing violation especially where, as allegedly occurred here, the lender is notified of its failure to disclose by the Office of Consumer Affairs. On this basis, Straders assert that the statute of limitations did not begin to run until Beneficial actually made a disclosure of the annual percentage rate in November of 1972, and that, therefore, commencement of their action in March of 1973 was timely. We disagree.
Neither the UCCC nor existing case law construing substantially identical provisions of the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq., (CCPA) and regulations issued pursuant to the CCPA, supports Straders' contention.
Pursuant to § 5-3-302(2) (a), which deals with disclosure requirements for the type of consumer loan here involved, disclosures "shall be made before credit is extended." The same requirement is contained in the CCPA. See 15 U.S.C. § 1639(b). One of the purposes of the UCCC is to conform the regulation of consumer credit transactions to the policies of the CCPA, see § 5-1-102(2) (f), and the UCCC's reference to the federal act "includes regulations issued pursuant to that act." See § 5-1-302.
Regulation Z, promulgated by the Federal Reserve Board pursuant to CCPA, requires that disclosure be made "before the transaction is consummated," 12 C.F.R. 226.8(a) and defines consummation in 12 C.F.R. § 226.2(cc) as follows:
"A transaction shall be considered consummated at the time a contractual relationship is created between a creditor and a customer irrespective of the time of performance of either party."
Although there have been no court decisions construing the UCCC as to this issue either in Colorado or in other states which have adopted it, at least two federal circuits have interpreted 15 U.S.C. § 1639(b) and the above-quoted regulation contrary to Straders' argument here. See Wachtel v. West, 476 F.2d 1062 (6th Cir.), cert. denied, 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114; Stevens v. Rock Springs National Bank, 497 F.2d 307 (10th Cir.); see also Littlefield v. Walt Flanagan & Co., 498 F. 2d 1133 (10th Cir.).
In Wachtel, the court stated:
"It thus appears that a credit transaction which requires disclosures under the Act is completed when the lender and borrower contract for the extension of credit. The disclosures must be made sometime before this event occurs. If the disclosures are not made, this violation of the Act occurs, at the latest, when the parties perform their contract. . . . In the present case performance of the contract and violation of the disclosure requirement took place on October 28, 1970 [the date when plaintiffs borrowed money and gave a security interest], and the one-year statute of limitations began to run on that date."
We therefore hold that Beneficial's violation in the case at bar occurred when Straders executed the loan documents on November 30 or December 1, 1971, and the statute of limitations for remedies provided in § 5-5-203(1) began to run as of the loan closing date.
Straders urge in the alternative that under the facts of this case the statute of limitations was tolled under the doctrine of equitable estoppel or by the alleged fraudulent concealment by Beneficial of the annual percentage rate on the loan. These contentions have no merit.
While we agree that the statute of limitations may be tolled under certain circumstances, see, e. g., Chevalier v. Baird *344 Savings Ass'n., 371 F.Supp. 1282 (E.D.Pa.), the record before us does not support application of the principles of either equitable estoppel or fraudulent concealment. The trial court specifically found and the record before us supports its finding that Straders knew on the date the loan was closed that the annual percentage rate had not been disclosed. Hence, there was no concealment of the violation. Furthermore, assuming that Beneficial was dilatory thereafter in informing Straders of the annual percentage rate, the record further supports the trial court's finding that Beneficial committed no affirmative acts to prevent or deter Straders from taking action to enforce the disclosure violation which Straders were aware of as of the loan closing date. Hence, the doctrine of equitable estoppel has no application. See Dodge v. Montrose Potato Growers Coop. Ass'n., Colo.App., 524 P.2d 1394.
Straders contend that the findings of the trial court are not binding here because the trial court erroneously required Straders to sustain their burden of proof on the concealment issue by "clear and convincing evidence." While we agree that the trial court's ruling as to the burden of proof was incorrect, see § 13-25-127(1), C.R.S.1973, in view of the court's finding that the evidence "failed utterly" to show fraudulent concealment, we consider this ruling to be harmless error. C. R.C.P. 61.
Despite the fact that a debtor may not maintain an action under the disclosure provisions of the UCCC more than one year after such nondisclosure has occurred, recovery of the penalty provided for nondisclosure under § 5-5-203(1) (a) may be awarded the debtor as a set-off in a claim brought by the creditor to recover on the debt, regardless of the one-year limit. See § 5-5-205. Thus, by virtue of the counterclaim asserted by Beneficial, Straders were entitled to assert and to be awarded $1,000 as a set-off against the claim of Beneficial.
Straders argue that the trial court's award of that set-off against Beneficial's counterclaim on the note revives Straders' claim for attorneys' fees. Section 5-5-205 provides:

"Refunds or penalties to which the debtor is entitled pursuant to this part 2 [§ 5-5-201 to § 5-5-206] may be set off against the debtor's obligation, and may be raised as a defense to a suit on the obligation without regard to the time limitations prescribed by said sections." (emphasis added)
While we agree that the award of a set-off is not dependent upon the time bar of § 5-5-203(5), we do not agree that an award of attorneys' fees constitutes a "refund" or "penalty" under the UCCC. "Refund" is used in the UCCC to describe a return to the debtor of money previously paid to a creditor, see § 5-5-202(3), and thus carries its ordinary meaning. See Webster's Third New International Dictionary 1910 (1968). "Penalty" is used in the context of describing a debtor's recovery of damages based upon improper payment of credit service or loan finance charges. See § 5-5-202(1) and (4). Liability under § 5-5-203(1) (a) is also considered a penalty. See Mourning v. Family Publications Service, Inc., 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318. The right to recover attorneys' fees is specifically described in other provisions. See §§ 5-5-203(1)(b), 5-5-202(8), and 5-5-206. We therefore conclude that the right to recover attorneys' fees may not be deemed either a "refund" or a "penalty" under § 5-5-205.
Straders finally contend that the statute of limitations in § 5-5-203(5) does not apply to recovery of attorneys' fees pursuant to § 5-5-202(8), and that the trial court erred in not making an award pursuant to this section. Section 5-5-202(8) provides:
"In any case in which it is found that a creditor has violated this code, the court may award reasonable attorney's fees incurred by the debtor." (emphasis added) *345 The trial court denied recovery under this section ruling that it was not pleaded and that even if such a claim had been pleaded, in the exercise of its discretion the court would not view the circumstances of this case as justifying an award to Straders.
While we conclude that a right to relief under this section was sufficiently pleaded in Straders' answer to Beneficial's counterclaim, we agree with the trial court that an award of attorneys' fees under § 5-5-202(8) is discretionary. Under the circumstances presented, we are unable to conclude that there was an abuse of that discretion here.

II. Effect of Rescission
Because Beneficial failed to comply with its obligations under the rescission provision of the UCCC, Straders contend that the trial court erred in not ordering cancellation of the principal balance due on the loan. Section 5-5-204(2) states:
"When a debtor exercises his right to rescind under subsection (1) of this section, he is not liable for any credit service charge, loan finance charge, or other charge, and any security interest given by the debtor becomes void upon the rescission. Within ten days after receipt of a notice of rescission, the creditor shall return to the debtor the money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered property to the debtor, the debtor may retain possession of it. Upon the performance of the creditor's obligations under this section, the debtor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the debtor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the debtor, at the option of the debtor. If the creditor does not take possession of the property within ten days after tender by the debtor, ownership of the property vests in the debtor without obligation on his part to pay for it."
Thus, upon receipt of the notice of rescission, Beneficial was obligated to account for the payments made by Straders on the loan and take steps to release its security interests. Here, since the loan had been closed, the proper procedure would have been to credit the total of all payments made by Straders to the principal due on the loan and to release the security interests.
Since Beneficial did not proceed as required by § 5-5-204(2), Straders were entitled to retain "possession" of the principal balance of the loan pending the required performance by Beneficial. However, this subsection does not provide that Beneficial forfeits its right to repayment of the principal balance for failure to comply with its statutory obligations within 10 days. Further, we find no authority to sustain Straders' position that this is what the legislature intended. To the contrary, the legislature mandated that except as otherwise specifically provided in the UCCC, a creditor's violation of his obligations does not affect the debt. See § 5-5-202(5). Hence, any right to retain the principal balance due on the loan under the rescission provision would have to be predicated upon a tender by Straders of the principal balance due and the additional failure of Beneficial to accept that tender within 10 days after the tender was made. See Sosa v. Fite, 498 F.2d 114 (5th Cir.). Straders never made such a tender.

III. Modification of Judgment
In its conclusions of law, the trial court determined that Beneficial was obligated to release its security interests in both Straders' residence and their household furnishings. However, no specific provision was included in the judgment requiring Beneficial to release its security interests in the household furnishings, and the judgment should be modified so to provide. The balance *346 of the judgment awarding Straders a set-off of $1,000 against the principal balance due on their loan after deducting all prior payments from principal is hereby affirmed.
COYTE and STERNBERG, JJ., concur.