Beverly **OVERHEISER**,
Plaintiff–Appellant,

v.

**SAFEWAY STORES, INC.,** a Colorado corporation, **Defendant–Appellee.**

No. 90CA1264.

Colorado Court of Appeals,
Div. A.

June 20, 1991.

judgment entered in favor of defendant, Safeway Stores, Inc. We affirm.

The complaint filed on January 24, 1990, alleged that plaintiff was injured on January 28, 1987, when she slipped and fell on some grapes on the floor of the produce department in defendant's store. The complaint further alleged that plaintiff's injuries were caused solely by the negligence of defendant.

Defendant filed a motion for summary judgment on the basis that plaintiff's claims were time-barred by the two-year statute of limitations for tort actions, § 13–80–102(1)(a), C.R.S. (1987 Repl.Vol. 6A). The trial court granted the motion.

█ Relying on *Klamm Shell v. Berg,* 165 Colo. 540, 441 P.2d 10 (1968), plaintiff contends that, to prevent injustice, an equitable exception to the two-year statute of limitations should have been applied in her case, tolling the statute's operation from the date she was injured until the Colorado Supreme Court declared the premises liability statute to be unconstitutional in *Gallegos v. Phipps,* 779 P.2d 856 (Colo.1989). In support of this argument, plaintiff asserted by affidavit that several attorneys were unwilling to take her case while the premises liability statute was in effect. We perceive no proper basis for an exception to the statute here.

█ Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled. *Smith v. Kent Oil Co.,* 128 Colo. 80, 261 P.2d 149 (1953).

In *Klamm Shell v. Berg, supra,* our supreme court applied the doctrine of "equitable tolling" to prevent the defendant from asserting the statute of limitations defense in a situation in which the defendant's own actions had prevented plaintiff from asserting a timely claim. Here, however, plaintiff has not alleged that any action by Safeway prevented her from filing a timely suit.

Moreover, plaintiff has failed to establish that her case fell within any other judicially recognized exception to the statute of limitations. Accordingly, the trial court properly determined that justice did not require

G. Nicholas Pijoan, Denver, for plaintiff-appellant.

Anstine and Hill, Arthur H. Anstine, Michael S. Simpson, Denver, for defendant-appellee.

Opinion by Judge PLANK.

In this negligence action, plaintiff, Beverly Overheiser, appeals from the summary

the tolling of the two-year statute in this case.

■ A cause of action for personal injury accrues on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence. Section 13–80–108(1), C.R.S. (1987 Repl.Vol. 6A). Under the circumstances alleged in the complaint, plaintiff's cause of action accrued on the date of the accident, and thus, the trial court properly determined that plaintiff's complaint, filed nearly three years after the accident, was not brought within two years after the injury and its cause were known.

We have considered plaintiff's other arguments concerning due process and conclude that they lack merit.

Judgment affirmed.

STERNBERG, C.J., and HUME, J., concur.