**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KENNETH L. ARMBECK,

      Plaintiff-Appellant,

v.

D. QUINONES, Sgt., #86-17;
D. WILEY, Off., #94-02,

      Defendants-Appellees.

No. 00-1021
(D.C. No. 99-WM-712)
(Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

---

      Kenneth Armbeck, a pro se state prisoner, appeals the dismissal of this action under 42 U.S.C. § 1983 against the Denver Police Department and two Denver Police officers, in which he claimed the officers used excessive force when arresting him. Because Mr. Armbeck is proceeding pro se, his pleadings must be construed liberally and be read to state a valid claim if it is reasonably

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

possible to do so. *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Applying this standard, we reverse and remand for further proceedings.

The district court adopted the recommendation of the magistrate judge that the Police Department be dismissed because it was not a legal entity that could be sued. At a subsequent scheduling conference regarding the remaining claims, the magistrate judge allegedly told defense counsel that the lawsuit appeared barred by the applicable statute of limitations.[1] The remaining defendants then filed an amended answer raising the statute of limitations as an affirmative defense, and a motion for judgment on the pleadings. Mr. Armbeck filed a response in which he asserted he had been hospitalized and heavily medicated due to his injuries and the limitation period should therefore be tolled. The magistrate judge recommended that defendants' motion for judgment on the pleadings be granted on the ground the action was time-barred. Mr. Armbeck objected to the recommendation, again asserting the right to equitable tolling.

The district court reviewed the matter de novo, rejecting Mr. Armbeck's argument that the limitation period should be tolled due to the injuries he sustained in the arrest underlying the lawsuit. The court also rejected Mr. Armbeck's contention that the magistrate judge showed favoritism to defendants

---

[1] Because Mr. Armbeck was incarcerated at the time, the scheduling conference was conducted by a video hearing and our record does not contain either a video tape of the proceeding or a transcript. Although defendants point out that our record therefore does not show the magistrate judge raised the statute of limitations sua sponte, defendants do not deny he in fact did so.

by raising the statute of limitations, concluding that because Mr. Armbeck was proceeding in forma pauperis and the court could have addressed the issue sua sponte, any prompting of the affirmative defense was not improper.

Under the standard applicable to pro se litigants, we cannot affirm the district court's determination as a matter of law that Mr. Armbeck was not entitled to the benefit of tolling. "Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules." *Hardin v. Straub*, 490 U.S. 536, 539 (1989) (internal quotations omitted). It is undisputed that Mr. Armbeck's suit was filed outside the applicable limitation period.[2] However, Mr. Armbeck asserted below that tolling was appropriate because defendants had inflicted head injuries which rendered him unconscious, and that as a result he spent three days in a hospital and three months in a jail infirmary, during which time he was heavily medicated.

The district court determined that these allegations were insufficient to raise a fact issue on tolling because Mr. Armbeck was hospitalized for only three days and he knew the date on which his claims arose. The court also viewed Mr. Armbeck's allegations as asserting that his hospitalization and subsequent incarceration merely prevented access to the legal resources needed to raise the

---

[2] The relevant limitation period for this section 1983 claim is the two-year Colorado period for personal injury actions. *See Hunt v. Bennett*, 17 F.3d 1263, 1265-66 (10th Cir. 1994). The incident underlying Mr. Armbeck's claims took place on January 8. 1997, and his lawsuit was filed no earlier than March 22, 1999, over two months after the expiration of the applicable period.

claim, which was inadequate to invoke tolling. In so doing, the court resolved fact issues contrary to Mr. Armbeck and failed to construe his pleadings liberally.

We have held that "the district court may consider affirmative defenses sua sponte only when the defense is obvious from the face of the complaint and [n]o further factual record [is] required to be developed." *Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (internal quotations omitted). Colorado law, which is applicable to the tolling issue here, *see Hardin*, 490 U.S. at 539, permits equitable tolling "where the defendant's wrongful conduct prevented the plaintiff from asserting his or her claims in a timely manner." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996) (en banc) (citing *Klamm Shell v. Berg*. 441 P.2d 10 (1968)); *Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850, 853 (Colo. 1992) (en banc) (same). In *Klamm Shell*, the court held the statute of limitations tolled when the very assault and battery of which the plaintiff complained rendered her unable to bring a timely action.

> [W]e hold that equity contains within its purview overriding concepts which proclaim that a defendant on the basis of plain justice should not be allowed to rely on a statute of limitations, where his intentional tort has caused mental incapacity arising after the cause of action accrued but before the expiration of the period of limitation.

*Klamm Shell*, 441 P.2d at 12. Viewing the record most favorably to Mr. Armbeck, fact issues exist as to whether defendants' alleged wrongful conduct prevented him from being able to timely assert his claims. Accordingly, whether

he is entitled to equitable tolling under Colorado law is not obvious on the face of the pleadings and cannot be decided without further development of the facts. Consequently, we reverse and remand for further proceedings.

We address briefly Mr. Armbeck's remaining arguments. He complains bitterly that the magistrate judge displayed favoritism by calling opposing counsel's attention to the statute of limitations. As the district court correctly pointed out, a judge may in appropriate circumstances dismiss sua sponte a suit brought in forma pauperis. *See Fratus*, 49 F.3d at 674-75. The magistrate judge's actions were therefore not improper.

Mr. Armbeck also contends the court erred in dismissing the Denver Police Department as a defendant without first allowing him to amend his complaint to add the City and County of Denver as a defendant. Leave to amend is to be "freely given," Fed. R. Civ. P. 15(a), and "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings," *Hall*, 935 F.2d at 1110 n. 3. Mr. Armbeck's pleadings, construed liberally, alleged a claim which could be asserted against the City and County of Denver. On remand, he should be allowed to pursue a motion to amend to add the City and County as a defendant.

**REVERSED** and **REMANDED** for further proceedings.

ENTERED FOR THE COURT
Stephanie K. Seymour
Chief Judge