**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 2001**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

VERNON L. ROBINSON,

      Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER;
OFFICER JAMES DEMPSEY; and
OFFICER THOMAS McKIBBEN, in
their individual capacities,

      Defendants-Appellees.

No. 00-1474
(D.C. No. 98-D-2589)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Vernon Robinson brought this pro se action under 42 U.S.C. § 1983 against

two Denver police officers alleging that they used excessive force in violation of

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

his constitutional rights when they responded to a noise complaint at Mr. Robinson's residence. The district court granted defendants' motion for summary judgment on the ground that Mr. Robinson's action was barred by the applicable limitation period. Mr. Robinson appeals and we affirm.

We review the district court's grant of summary judgment de novo, applying the same standards used by that court. *MacDonald v. Delta Air Lines, Inc.*, 94 F.3d 1437, 1440 (10th Cir. 1996). Summary judgment is appropriate only if the material on file, together with any affidavits, shows that no dispute of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.* We review the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Id.*

Congress has provided no specific limitations period for civil rights actions, *see Arnold v. Duchesne County*, 26 F.3d 982, 983-84 (10th Cir. 1994), and we therefore adopt a state limitation period, provided that it is not inconsistent with federal law or policy, *see Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). The Supreme Court in *Wilson* held that section 1983 actions are to be characterized for purposes of selecting the appropriate state period as "conferring a general remedy for injuries to personal rights." *Id.* at 278. Consistent with this directive, the district judge here applied the two year period provided in COLO. REV. STAT. § 13-80-102. *See Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir.

1993)

The incident underlying Mr. Robinson's claim took place on September 29, 1995. Mr. Robinson did not file the instant action until November 27, 1998, over three years later and thus well after the two year period had expired. In response to defendants' motion for summary judgment below, Mr. Robinson stated in an unverified pleading that at the time of the incident he had not been taking his medication (prolixin) for five months and that his thoughts were racing and irrational. The district court construed Mr. Robinson's response as an argument that the period should have been tolled due to a mental incapacity under COLO. REV. STAT. § 13-81-103(1)(c), but rejected it on the ground that Mr. Robinson had offered no evidence or specific facts to support it. Indeed, other than Mr. Robinson's conclusory statement, the record before the district court contained no evidence that he had been prescribed medication for a mental condition, that the condition rendered him incompetent within the meaning of the tolling statute, or evidence concerning the periods during which he was and was not medicated. The party alleging the disability bears the burden to prove that the condition existed. *Overheiser v. Safeway Stores, Inc.* 814 P.2d 12, 13 (Colo. Ct. App. 1991). Mr. Robinson clearly did not shoulder this burden in district court.

On appeal, Mr. Robinson asserts in his pro se brief that he was diagnosed with severe paranoid schizophrenia at a state mental health hospital in 1982, and

that this condition resulted in a mental disability which, while suppressed by medication, still exists. These assertions are unsupported by any evidentiary showing and made for the first time on appeal. Moreover, even if we could properly consider this material, it does not raise a fact issue with respect to whether Mr. Robinson is entitled to tolling.

The tolling of the limitation period in a section 1983 action is governed by state law. *Wilson*, 471 U.S. at 269. The state provision at issue here tolls the period for the commencement of an action by a person suffering from a disability. *See* COLO. REV. STAT. § 13-81-103. A person with a disability, in turn, is defined as "a mental incompetent." *Id.* § 13-81-101(3). Mr. Robinson's diagnosis as a paranoid schizophrenic in 1982 does not, by itself, tend to show that he was mentally incompetent in 1995, particularly in view of the lack of evidence concerning the periods during which Mr. Robinson was and was not taking medication. In fact, it appears from the record that Mr. Robinson was tried and convicted for his part in the incident, a fact tending to show that he was in fact competent during that period.

The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-4-