142 So. 539

## VANN v. ROGERS.
### 4 Div. 652.

Supreme Court of Alabama.
June 9, 1932.

L. A. Farmer, of Dothan, for appellant.

O. S. Lewis, of Dothan, for appellee.

GARDNER, J.

This suit, instituted in June, 1929, is on the common counts which disclose the right of action accrued in March, 1921. The pleas of the statute of limitations of three and six years were interposed, to which plaintiff replied that following his conviction of murder in the first degree in January, 1922, he was sentenced to life imprisonment in the state penitentiary, and in March, 1929, was pardoned by the Governor with restoration of his civil and political rights. We are persuaded the court properly sustained demurrer to these replications. By section 8974, Code 1923, it is expressly provided that a disability which did not exist when the cause of action accrued does not suspend the operation of the limitations, unless the contrary is expressly provided. And it is held that a party claiming the benefit of an exception or proviso in the statute of limitations can only avail himself of the disability which existed when the right of action first accrued. Richardson v. Mertins, 175 Ala. 309, 57 So. 720.

The pleadings disclose plaintiff's right of action accrued some time prior to his conviction and imprisonment and the statute of lim-

itations was not therefore suspended by such subsequent event.

Under section 5293, Code 1923, a convict sentenced to life imprisonment is regarded as civilly dead (Holmes v. King, 216 Ala. 412, 113 So. 274), and as a result of such civil death is his incapacity to sue in the courts. Had plaintiff suffered a natural death after the accrual of his right of action, no suspension of the statute of limitations would have followed, and of course by like reasoning the same result follows from his civil death under section 5293.

But counsel for plaintiff, realizing this situation, relies upon the provisions of section 8973, Code 1923, to the effect that when the commencement of an action is stayed by injunction or statutory prohibition, the time of the injunction or prohibition is not computed as a part of the time, and argues that section 5293, supra, as to civil death is a statutory prohibition. We think, however, the language of section 8973 clearly indicates a reference to court procedure whereby the commencement of the action is "stayed," and could not properly be construed as having any reference to a mere consequential inability to sue under said section 5293.

There appearing no disability to sue when the cause of action accrued, the statute of limitations began to run and its operation was not suspended by any matter appearing in the replication. The demurrer thereto was properly sustained, and the judgment is due to be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.