**DICKINSON, INC., a Kansas corporation, and Dickinson Operating Company, Inc., a Kansas corporation, Plaintiffs,**

v.

**KANSAS CITY STAR COMPANY, a Missouri corporation, and Emil A. Sees, Defendants.**

**No. 12134.**

United States District Court
W. D. Missouri, W. D.
June 3, 1959.

Roy K. Dietrich, Kansas City, Mo., for plaintiffs.

Henry N. Ess, Carl E. Enggas, J. C. Wilson and Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendants.

RIDGE, District Judge.

The United States, on January 7, 1950, simultaneously commenced a criminal and a civil action against defendants for violation of Section 2 of the Sherman Act. 15 U.S.C.A. § 2. The former resulted in verdicts of guilty against both defendants and remained "pending" on the docket of this Court until June 17, 1957. The civil action was terminated by a consent decree and was "pending" until November 15, 1957. The instant private action, seeking treble damages from defendants because of impact on their businesses of the monopoly adjudicated in the

424

above Government actions, was commenced November 13, 1958; i. e. approximately one (1) year and five (5) months after the termination of the criminal action, supra, and within one (1) year after termination of the above-mentioned civil action.

In their complaint, plaintiffs plead that the judgment in the Government criminal suit against defendants constitutes *prima facie* evidence of the charges made against defendants in the instant complaint. Defendants have filed motion to strike such allegations from the complaint, contending that plaintiffs have filed the instant action too late to rely upon the Government criminal suit as prima facie evidence under the provisions of Section 5 of the Clayton Act, as amended, 15 U.S.C.A. § 16, and that plaintiffs must rely solely upon the pendency of the civil suit filed by the Government against defendants, if plaintiffs are to maintain this action; hence defendants assert that the civil suit being terminated by a consent decree, the same is not available to plaintiffs as *prima facie* evidence under Section 5(a) supra, and the above mentioned allegation should be stricken from the complaint.

 The parties have extensively briefed the above proposition. It does not seem necessary for the Court to follow them in their labyrinthine arguments, nor sound the legislative history of Section 5, supra, as they have done, so as to be able to rule the instant motion. The rule of "concurrent disabilities" applicable to statutes of limitation generally, when rationalized with the Congressional objective stated in Section 5 of the Clayton Act, supra, seemingly provides an answer to that matter. "§ 5 reflect(s) a purpose to minimize the burdens of litigation for injured private suitors by making available to them all matters previously established by the Government in antitrust actions. * * * The intended application and extent of such evidentiary benefits is not revealed by legislative materials, except that they should follow equally from prior criminal prosecutions and equity proceedings

by the Government." Emich Motors Corp. et al. v. General Motors Corp., 1951, 340 U.S. 558, 568, 71 S.Ct. 408, 413, 95 L.Ed. 534. That being so, then the instant matter seemingly should be ruled by resort to recognized principles ancient in law of limitation of actions.

As above stated, the instant action was commenced November 13, 1958. But for the tolling provisions of Section 5(b) of the Clayton Act (15 U.S.C.A. § 16(b)) the 4-year limitation for the bringing of this action, as contained in Section 4b of such Act, would be applicable thereto. 15 U.S.C.A. § 15b. Because of the tolling provision, supra, plaintiffs' right to bring this action remained in repose until November 15, 1958, i. e. until one (1) year after the termination of Civil Action No. 7989, (W.D.Mo.) instituted by the Government against these defendants.

Notwithstanding the fact that Criminal Action No. 18444, (W.D.Mo.) commenced against defendants was terminated on June 17, 1957, the plaintiffs were not required to bring this action within one (1) year thereafter so as to position themselves to take advantage of the "salutary legislation" enacted by the Congress in Section 5(a) of the Clayton Act. 15 U.S.C.A. § 16(a).

When both the above Government actions were commenced, the statute of limitations applicable to plaintiffs' right to bring this action was concurrently "suspended during the pendency" of both such actions "and for one year thereafter." 15 U.S.C.A. § 16(b). "It is an acknowledged rule that when there are two or more coexisting disabilities in the same person when his right of action accrues, he is not obliged to act until the last is removed. This is the rule under the Statute of Limitation." Sims v. Everhardt, 1880, 102 U.S. 300, 310, 26 L. Ed. 87. Though such rule speaks of "disabilities" we think it logical to rationalize it to the "privilege", such as granted by the Congress to private plaintiffs by Section 5(b) of the Clayton Act. Section 5(a) of said Act is complementary to the application of Section 5 (b) thereof. Sun Theatre Corp. v. RKO

Radio Pictures, Inc., **7** Cir., 1954, 213 F.2d 284.

At the time of the original enactment of Section 5 of the Clayton Act, supra, and the amendment made thereto on July 7, 1955, the aforesaid rule of coexisting disabilities was well grounded in the law. 54 C.J.S. Limitations of Actions § 219, p. 255; 34 Am.Jur., p. 157, § 195. When Congress enacted the evidentiary and tolling provisions of Section 5, supra, it is manifest that they made the provisions thereof applicable to both criminal and civil actions brought by the Government. The only assumption to be made therefrom is that the Congress knew that in some instances both such types of action would be commenced simultaneously by the Government—one to punish for past violations of the Anti-Trust Laws and the other to prevent future violations in respect to an identical plan or scheme of violation. There is no legislative history of Section 4 or 5 of the Clayton Act from which it may be inferred that the Congress intended the evidentiary or tolling provisions in question to be made applicable only to the first action terminated, where they were concurrently so brought.

In the law of Limitation of Action, and seemingly within the ambit of Section 5, supra, defendants' reasoning that plaintiffs may not take advantage of the *"prima facie"* effect of the judgment in the criminal case, because it was terminated first, would only be logical if the two actions commenced by the Government were successively brought. The rule is, that "successive disabilities may not be tacked to one another so as to bring a party within the exceptions to the statute of limitations." 54 C.J.S. Limitations of Actions p. 254, § 219. It is the "tacking" of one limitation to another that would create the intolerable condition that defendants argue in the instant case. No such condition here exists, because the beneficent provisions of Section 5 of the Clayton Act concurrently accrued to plaintiffs. Such must be the premise of the admission of defendants when they assert, we "do not contend that plaintiffs' cause or causes of action, if any, are barred by the statute of limitations and accordingly have not moved to dismiss the complaint." (p. 2, suggestions in support of motion to strike.) If the tolling provisions of Section 5, supra, prevented the statute of limitations from running against plaintiffs' claim, then the evidentiary provisions of said statute must be held to be complementary thereto during the effective period of said section. Manifestly, that is the only intent of the Congress expressed in said section.

For the reasons aforesaid, defendants' motion to strike should be overruled.

It is so ordered.