FLORENCE EUBANKS, ET AL v. FRED J. ZIMMERMAN, ET AL

73-44                                              498 S.W. 2d 655

Opinion delivered September 10, 1973

*Thompson & Thompson,* for appellants.

*Marvin H. Robertson* and *Hugh L. Brown,* for appellees.

FRANK HOLT, Justice. The appellants, Florence Eubanks, individually and as guardian of the person of James Huey Eubanks, and the First National Bank, as guardian of his estate, appeal from an adverse holding in a tax redemption suit initiated by them. The issue on appeal appears limited to whether three distinct disabilities can be connected (tacked) so that the guardian of the incompetent can redeem land, once held in a co-tenancy (with the personal guardian) by the incompetent, some 25 years after a tax forfeiture sale.

In 1945 Mrs. Eubanks purchased a 40 acre tract of land in her name and another 40 acre tract in the joint names of herself and her two-year-old son, James. James entered the army at the age of 17 in 1960. He remained in the army until discharged in May, 1968, as a result of injuries received in Viet Nam which rendered him permanently mentally incompetent. As we understand appellants' argument on appeal, it appears to be limited to the right of redemption as to the 40 acre tract held jointly by her and her son. She had sought recovery of the 40 acre tract owned by her individually.

The land in question had been forfeited for failure to pay taxes. Fred J. Zimmerman, now deceased, bought both tracts of land at a tax sale in 1948, took possession, and received a deed on the lands from the state in 1952. He continued to live there, approximately 21 years or until his death in 1969. As a defense to appellants' tax redemption action, the appellees asserted adverse possession and payment of taxes under color of title.

On March 10, 1972, the appellants brought this tax redemption action. Appellants contend that the applicable statutes of limitations were tolled against James, Mrs. Eubanks' son and co-tenant; i.e. either the three year statute of limitations under Ark. Stat. Ann. § 37-101 (1962 Repl.) (the adverse possession statute), or a two year period for bringing suit under Ark. Stat. Ann. § 84-1201 (1960 Repl.) (the tax redemption statute). Their theory rests upon connecting (tacking) three unrelated disabilities: minority, the Soldiers and Sailors Relief Act,

50 U.S.C. § 525, and mental incompetency. The chancellor rejected this theory and we agree.

We have held that one co-tenant can redeem for both when land has been forfeited for non-payment of taxes. *Smith* v. *Pettus*, 205 Ark. 442, 169 S.W. 2d 586 (1943). However, in the past this court has shown no favor towards the tacking of disabilities. The rationale is that tacking distinct disabilities keeps title uncertain for too great a length of time and defeats the purpose of the statutes of limitations. The law favors early vesting of a title. In *Reed* v. *Money*, 115 Ark. 1, 170 S.W. 478 (1914), the court refused to allow a woman to tack the disabilities of non-age and coverture against an adverse possessor. In *Carter* v. *Cantrell*, 16 Ark. 154 (1855), the court refused to tack infancy and coverture, holding that no disability can be utilized unless in existence at the time the cause of action accrued. The rule is longstanding and the policy reasons remain sound.

In the instant case the cause of action in question arose during James' disability of minority. However, when James attained the age of majority, or the removal of his minority disability, he was in the army and under the shelter of the Soldiers and Sailors Relief Act, which tolls a statute of limitations for a cause of action during the period of military service. Even though our cases do not permit tacking, of course, our statutes of limitations cannot run counter to the federal legislation. However, the shelter of the Soldiers and Sailors Relief Act is removed upon the discharge from military service. *Diamond* v. *U.S.*, 344 F. 2d 703 (1965).

In the case at bar, inasmuch as tacking is not permissible, upon James' discharge in 1968, the statutory period began to run even though he was under a new disability of mental incompetency. This cause of action was not brought until three years and ten months after his discharge. The statutory period had then expired under either the tax redemption statute, § 84-1201, or the adverse possession statute, § 37-101 (which we note expressly prohibits cumulative disabilities).

Affirmed.