(623 P.2d 520)
No. 51,936

BILL LEWIS, *Appellant,* v. ERVIN SHUCK, *Appellee.*

Petition for review denied February 20, 1981.

Opinion filed January 23, 1981.

*Craig Kennedy* of Kassebaum & Johnson, of Wichita, for the appellant.

*Donald F. Hoffman* of Dreiling, Bieker & Kelley, of Hays, for the appellee.

Before FOTH, C.J., ABBOTT and SPENCER, JJ.

SPENCER, J.: This is an appeal from summary judgment entered in favor of defendant by reason of the limitations prescribed by K.S.A. 60-513(4). Stipulated facts are:

"1. On October 19, 1975, Plaintiff, who was a passenger in a motor vehicle being operated by Defendant, was injured in a motor vehicle accident near Leoti, Kansas.

"2. From December 22, 1976 to May 13, 1977, Plaintiff was imprisoned in the Bexar County, Texas Jail.

"3. From January 13, 1978 to May 18, 1978, Plaintiff was imprisoned in the Carter County, Oklahoma Jail.

"4. Plaintiff filed a Petition against Defendant on November 8, 1978, seeking recovery of damages sustained in the motor vehicle accident of October 19, 1975. Defendant was served with a Summons and copy of the Petition on November 9, 1978.

"5. On October 16, 1979, Defendant filed his Motion for Summary Judgment claiming Plaintiff's cause of action is barred by the applicable Statute of Limitations, K.S.A. 60-513(4).

"6. On November 2, 1979, all parties appeared before the Honorable Keaton Duckworth to present oral arguments concerning Defendant's Motion for Summary Judgment.

"7. Plaintiff's position is that K.S.A. 60-515 allows Plaintiff one (1) year from his

release from imprisonment on the second occasion (May 18, 1978) inasmuch as the second imprisonment commenced during Plaintiff's additional one (1) year following his release from his first imprisonment.

"8. Defendant's position is that the additional time allowed under the Statute within which those under disability may sue cannot be extended by connection of one disability with another. Under K.S.A. 60-515, the reimprisonment of Plaintiff should not retoll the Statute of Limitations."

The sole issue presented for consideration is whether the applicable statute of limitations is tolled by reason of K.S.A. 60-515(a) because of a second disability which occurred after the running of the statute of limitations but before the expiration of one year after the first disability had been removed.

Though a question of first impression in this state, the overwhelming general rule recognized under similar statutes in other jurisdictions is that a succession of disabilities cannot be tacked upon the first so as to prevent the operation of the statute of limitations. *Miller v. Texas and Pac. Railway,* 132 U.S. 662, 693, 33 L.Ed. 487, 10 S.Ct. 206 (1890) (applying Texas law); *Dickinson, Inc. v. Kansas City Star Company,* 173 F. Supp. 423, 425 (W.D. Mo. 1959); *Eubanks v. Zimmerman,* 255 Ark. 53, Syl. ¶ 2, 498 S.W.2d 655 (1973); *Green v. Loper,* 45 Del. 117, Syl. ¶ 3, 67 A.2d 856 (1949); *Keil et al. v. Healey et al.,* 84 Ill. 104, Syl. ¶ 3 (1876); 51 Am. Jur. 2d, Limitation of Actions § 198; 54 C.J.S., Limitations of Actions § 219; Annot., 53 A.L.R. 1303, 1306; 41 A.L.R.2d 726, 729.

In *McDonald v. Hovey,* 110 U.S. 619, 28 L.Ed. 269, 4 S.Ct. 142 (1884), the United States Supreme Court dealt with a Maryland statute providing for a two-year period upon the expiration of a term of imprisonment during which the affected individual could prosecute an appeal. The court noted that such statutes are based upon an English statutory provision in force at the time of early American colonization. In reference to the English provision, the court stated:

"It is true that the express words of this statute refer to disabilities existing 'at the time' the cause of action accrues, and do not literally include disabilities arising afterwards. The courts, however, held that such was not only the literal, but the true and sensible meaning of the act; and that to allow successive disabilities to protract the right to sue would, in many cases, defeat its salutary object, and keep actions alive perhaps for a hundred years or more; that the object of the statute was to put an end to litigation, and to secure peace and repose; which would be greatly interfered with and often wholly subverted, if its operation were to be suspended by every subsequently accruing disability." 110 U.S. at 621-622.

In states having "saving clauses" tolling the statute of limitations for a person imprisoned at the time of accrual of a cause of action, application of such clauses has been held not to interrupt or suspend the running of the statute of limitations by imprisonment commencing subsequent to the accrual of the action. *Williams v. Coughlan*, 244 F.2d 6, 8 (9th Cir. 1957) (applying Alaska law); *Brown v. United States*, 342 F. Supp. 987, 995 (E.D. Ark. 1972), *aff'd in part and rev'd in part on other grounds* 486 F.2d 284 (8th Cir. 1973) (applying Arkansas law); *Vann v. Rogers*, 225 Ala. 186, 142 So. 539 (1932); *Dodge v. Montrose Potato Growers*, 34 Colo. App. 223, 226-227, 524 P.2d 1394 (1974); *Kistler v. Hereth*, 75 Ind. 177, 180 (1881); *Gershinsky v. State*, 6 App. Div. 2d 964, 966, 176 N.Y.S.2d 667 (1958), *aff'd* 6 N.Y.2d 798, 188 N.Y.S.2d 190, 159 N.E.2d 681 (1959); *Bock v. Collier*, 175 Or. 145, Syl. ¶ 5, 151 P.2d 732 (1944); *Blum v. Elkins*, 369 S.W.2d 810 (Tex. Civ. App. 1963).

K.S.A. 60-515(*a*) provides:

> "If any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, *at the time the cause of action accrued, or at any time during the period the statute of limitations is running*, be within the age of eighteen (18) years, or an incapacitated person, or imprisoned for a term less than his or her natural life, such person shall be entitled to bring such action within one (1) year after such disability shall be removed, but no such action shall be commenced by or on behalf of any person under the disabilities specified after more than eight (8) years beyond the time of the act giving rise to the cause of action." Emphasis added.

Plaintiff correctly notes that the Kansas provision differs from statutes of other states in that Kansas prescribes a grace period not only for persons imprisoned at the time a cause of action accrues, but also where imprisonment commences at any time during the running of the statute of limitations. The obvious purpose of the statute—as with the statutes of other jurisdictions—is to mitigate the difficulties of preparing and maintaining a civil suit while the plaintiff is under legal disability. See *Kaiser v. Cahn*, 510 F.2d 282, 286 (2d Cir. 1974).

Where the language used in a statute is plain and unambiguous and also appropriate to an obvious purpose, the court should follow the intent expressed by the words used. *Underwood v. Allmon*, 215 Kan. 201, 204, 523 P.2d 384 (1974); *City of Overland Park v. Nikias*, 209 Kan. 643, 646, 498 P.2d 56 (1972).

To accept plaintiff's position is to accept the concomitant concept that the one-year grace period provided by K.S.A. 60-515(a) is an extension of the statute of limitations. On the contrary, the statute does not purport to suspend, interrupt or extend the statute of limitations, but operates merely to toll the statute of limitations under stated circumstances.

In cases involving imprisonment, exceptions to the statute of limitations are to be strictly construed [*Rich v. Commissioner of Internal Revenue,* 250 F.2d 170, 175 (5th Cir. 1957); *Hunter v. Hunter,* 361 Mo. 799, 806, 237 S.W.2d 100 (1951); *Bock v. Collier,* 175 Or. 145, Syl. ¶ 4], and in the absence of specific statutory exception, imprisonment does not toll the running of the statute of limitations [*Kirwan v. State,* 31 Conn. Supp. 46, 50-51, 320 A.2d 837 (1974); *Black v. The City National Bank and Trust Company,* 321 S.W.2d 477, 480 (Mo.), *cert. denied* 360 U.S. 920, *reh. denied* 361 U.S. 857 (1959)].

We hold that, in order for the provisions of K.S.A. 60-515(a) to toll the statute of limitations, a disability prescribed by that statute must have existed at the time the cause of action accrued or have come into existence during the period the applicable statute of limitations was running, without regard to any tolling of the statute. This action accrued October 19, 1975. The time for the running of the statute of limitations (K.S.A. 60-513[4]) expired October 19, 1977. On December 22, 1976, during the running of the statute of limitations, plaintiff was imprisoned in Bexar County, Texas. Such was a disability recognized in K.S.A. 60-515(a) and, accordingly, plaintiff was entitled to bring his action within one year after the removal of that disability on May 13, 1977, the date of his release from prison. He did not commence suit until November 8, 1978, at which time defendant's claim to the bar of the statute of limitations was proper.

Affirmed.