Leon HENDERSON, Petitioner,

v.

STATE OF MISSOURI, Respondent.

Misc. No. 81–8077.

United States Court of Appeals, Eighth Circuit.

Oct. 19, 1981.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

On September 8, 1981, Leon Henderson filed a pro se petition for a writ of habeas corpus in this Court. However, his petition also stated that his habeas corpus motion is asserted pursuant to "Supreme Court Rule, section 42 United State[s] Code, Section 1983 * * *." While we find it difficult to ascertain whether Henderson is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 or damages or equitable relief pursuant to 42 U.S.C. § 1983, we think it is, in essence, the former.

Henderson, a Missouri state prisoner, objects to two alleged actions/inactions by a Missouri State Circuit Court. First, Henderson claims that his "Motion for Bail Time,"[1] which was filed in the St. Louis County, Missouri, Circuit Court on July 31, 1981, must be deemed to have been denied because the state court has not responded or ruled upon that motion. Second, Henderson argues that the St. Louis County Circuit Court erred in failing to supply him, pursuant to his August 6, 1981, motion, the complete records and transcripts relating to his state criminal conviction.[2] Henderson contends that these two actions/inactions of the state court entitled him to an order of this Court which will grant his motion for bail time and require transmittal of the complete transcripts of his criminal trial.

Construing Henderson's petition as one seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, we hold that his filing in this Court is premature. An application for a writ of habeas corpus must first be made to the appropriate federal district court. F.R. App.P. 22(a). "If application is made to a [federal] circuit judge, the application will ordinarily be transferred to the appropriate district court." Id. The appropriate transferee district court here appears to be the United States District Court for the Eastern District of Missouri and we accordingly transfer the case there with directions to dismiss the case, without prejudice, for failure to exhaust state remedies as required by 28 U.S.C. §§ 2254(b) and (c). Henderson presently is prosecuting a state court action which seeks the same relief as he seeks in this Court. See n.1 and accompanying text, supra. A section 2254 action would be appropriate in the Eastern District of Missouri only after exhaustion of all available Missouri state remedies.

The petition is dismissed.

---

1. Henderson's "Motion for Bail Time" filed in the St. Louis County Circuit Court stated that it should be treated "as a motion to correct sentence pursuant to Missouri Supreme Court rule 27.26."

2. Henderson concedes that he was mailed parts of his criminal records on August 26, 1981, but claims that "no jury trial records or sworn depositions" were supplied.