927 F.2d 607
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Femi OKUNDAYE, Plaintiff-Appellant,
v.
CITY OF CHICAGO, Richard Rowan, and Fred Rice,
Defendants-Appellees.
 No. 89-3094.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1991.*
Decided Feb. 27, 1991.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 88 C 1544, Harry D. Leinenweber, Judge.
 N.D.Ill.
 AFFIRMED.
 Before CUDAHY, EASTERBROOK, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Femi Okundaye brought suit under 42 U.S.C. Sec. 1983, alleging that defendant Richard Rowan, a Chicago police officer, violated his constitutional rights when he shot Okundaye at point-blank range with a nonregulation weapon during an unauthorized search of Okundaye's home. The district court granted defendants' motion to dismiss on grounds that Okundaye had failed to file his suit within the two-year statute of limitations.[1]
 
 
 2
 In his complaint, filed on February 22, 1988, Okundaye alleged that Officer Rowan and two other plain-clothes officers entered his home on May 7, 1985, without identifying themselves or presenting a warrant. Rowan allegedly badgered the plaintiff, pointed a gun at Okundaye's groin, and asked him where the money and drugs were hidden. Okundaye stated that he did not know what Rowan was talking about and asked to see a warrant. Rowan allegedly responded by shooting Okundaye in the groin at point-blank range. Okundaye was taken to the hospital where he was told that he had been shot with a hollow-point bullet. Okundaye was arrested and charged with drug possession and attempted murder of Rowan. He was later convicted on both charges and is now serving a prison term.
 
 
 3
 Defendants filed a motion to dismiss Okundaye's suit, claiming, inter alia, that Okundaye's complaint was barred by Illinois' two-year statute of limitations applicable to section 1983 claims arising after Wilson v. Garcia, 471 U.S. 261 (1985) (decided April 17, 1985). The defendants argued that Okundaye could not invoke a tolling provision based on his incarceration because, although Okundaye was arrested immediately after the shooting, he was released on bond on June 17, 1985, and the two-year period therefore began and expired before Okundaye filed his complaint in February 1988. Okundaye responded that tolling should have resumed once he was returned to prison after being convicted at his criminal trial. He also argued that the limitations period should be tolled because defendants fraudulently concealed the existence of his cause of action by refusing to respond to complaints and inquiries he filed regarding the legality of the hollow-point bullets and nine millimeter gun that Rowan used.
 
 
 4
 The district court rejected Okundaye's arguments. Tolling provisions in Illinois, the court held, were noncumulative and thus Okundaye could not claim that his second incarceration reactivated the tolling statute.[2] In addition, the court rejected Okundaye's claim that the defendants had fraudulently concealed his cause of action from him.
 
 
 5
 * Okundaye limits his argument on appeal to the claim that the defendants fraudulently concealed his cause of action. He therefore claims not to have discovered the existence of his claim until after his criminal trial. The district court rejected Okundaye's argument on grounds that a reasonable person would not have been misled by defendants' actions into believing that no wrongful act occurred. Okundaye alleged that after the shooting he filed a complaint with the police about the events and repeatedly requested information about whether hollow-point bullets and nine millimeter handguns were permissible under police regulations. The police rejected Okundaye's complaint, finding no violations of police procedure in the arrest, and declined to inform him whether the bullets and gun were authorized by department regulations. Finding that these actions failed to support a claim for fraudulent concealment, the court concluded that the limitations period had run on Okundaye's claim.
 
 
 6
 Federal courts applying a state's statute of limitations also apply that state's tolling provisions. Knox v. Cook County Sheriff's Police Dept., 866 F.2d 905, 907 (7th Cir.1988). Illinois provides for tolling in cases of fraudulent concealment under section 13-215:
 
 
 7
 [i]f a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards.
 
 
 8
 Ill.Rev.Stat. ch. 110, p 13-215. To establish fraudulent concealment under this provision, Okundaye had to demonstrate that the defendants engaged in affirmative misconduct of a sort that would lead a reasonable person to believe that he did not have a claim for relief. See Chicago Park Dist. v. Kenroy, Inc., 78 Ill.2d 555, 402 N.E.2d 181, 184-85 (1980). Okundaye attempts to avoid the results of this rule by arguing that his complaint attempted to state a cause of action for "excessive force with an illegal weapon," rather than simple excessive force, and that he did not know the weapon was illegal because of police misconduct.
 
 
 9
 Okundaye's argument is without merit. Although federal courts apply state statute of limitations rules, the question when a section 1983 cause of action accrues is determined under federal law. McCune v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir.1988); Henderson v. State of Missouri, 661 F.2d 107, 110 (9th Cir.1981); Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir.1980); Rubin v. O'Koren, 621 F.2d 114, 116 (5th Cir.1980); cf. Sentry Corp. v. Harris, 802 F.2d 229, 236 (7th Cir.1986). Thus, a cause of action is said to accrue under section 1983 when "a plaintiff knows or has reason to know of the injury which is the basis of his action." Henderson, 661 F.2d at 110 (emphasis added); Singleton, 632 F.2d at 191; Rubin, 621 F.2d at 116.
 
 
 10
 In our case, Okundaye had full knowledge that Rowan used excessive force in arresting him and, in fact, witnessed all of the events necessary to state a claim for violation of his constitutional rights. The legality or illegality of the weapon Rowan used is irrelevant to whether Rowan used excessive force in arresting Okundaye: if Rowan had used a department-issued gun loaded with regulation bullets in shooting Okundaye in the groin at point-blank range for no apparent reason, Okundaye would still state a claim for excessive force. The use of excessive force, not the use of illegal weaponry, is the "injury" the Okundaye suffered. The police department's concealment (if that is in fact what occurred) of information regarding the weapon and the bullets did not interfere with Okundaye's knowledge about the existence of his injury. His claim therefore accrued on the date of the shooting, and the district court correctly held that the claim was time-barred.
 
 II
 
 11
 In sum, Okundaye was unable to demonstrate that the defendants fraudulently concealed the existence of his cause of action from him and thus is unable to invoke equitable tolling. The district court's decision to grant defendants' motion to dismiss is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The motion to dismiss was granted at a hearing held on September 7, 1989, where the judge stated that the dismissal would be with prejudice. Plaintiff's appointed counsel responded that the original complaint was filed pro se and that he would like to file an amended complaint after conducting further investigation. The judge responded that he saw no reason to grant this request since the statute of limitations issue controlled. The Rule 58 judgment entered on September 7th, however, failed to state that the complaint was dismissed with prejudice or that the case was dismissed. Plaintiff filed a notice of appeal on September 28, 1989
 On October 23, 1989, we ordered Okundaye to file a jurisdictional memorandum on the question whether a final order was entered in this case. Okundaye returned to the district court where the judge cured the deficient September 7th judgment by entering a nunc pro tunc order on October 30, 1989, amending the original order with the following language: "[P]laintiff's action is dismissed." Since the original September 7th order was ineffective, jurisdiction remained in the district court until it entered its October 30th nunc pro tunc order; Okundaye's notice of appeal became effective by virtue of the curative order and we therefore have appellate jurisdiction in this case. King v. Gibbs, 876 F.2d 1275, 1278 (7th Cir.1989); cf. Kirtland v. J. Ray McDermott & Co., 568 F.2d 1166, 1169 (5th Cir.1978).
 
 
 [2]
 A challenge to the district court's tolling analysis does not appear in Okundaye's pro se brief, and thus the State does not address the issue. We note, however, that the district court's analysis is consistent with Illinois case law. See Hamil v. Vidal, 140 Ill.App.3d 201, 488 N.E.2d 1024 (1985). Hamil represents the majority rule. "[T]he overwhelming general rule recognized under similar statutes in other jurisdictions is that a succession of disabilities cannot be tacked upon the first so as to prevent the operation of the statute of limitations." Lewis v. Shuck, 623 P.2d 520, 522 (Kan.1981) (collecting cases); see also Boag v. City of Portland, 699 F.2d 587, 589 (9th Cir.1982); Kaiser v. Cahn, 510 F.2d 282, 286 (2d Cir.1974)