945 F.2d 412
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bernard Wayne WILLIAMS, Plaintiff-Appellant,
v.
OLATHE, KANSAS POLICE DEPARTMENT, and William Sullivan,
Defendants-Appellees.
 No. 91-3100.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 26, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 On February 26, 1991, plaintiff-appellant, an inmate in the Missouri State Penitentiary, filed a pro se civil rights action under 42 U.S.C. § 1983 alleging that defendants, the Olathe, Kansas Police Department and William Sullivan, a detective with the department, falsely arrested and imprisoned him and conspired to deprive him of due process. On March 8, 1991, the district court sua sponte dismissed the complaint for failure to file within the two-year statute of limitations. Fed.R.Civ.P. 12(b)(6).
 
 
 2
 We review de novo the district court's ruling on the applicability of the statute of limitations. Wright v. Southwestern Bell Tel. Co., 925 F.2d 1288, 1290 (10th Cir.1991). We will not reverse a district court's sua sponte dismissal of a claim under Fed.R.Civ.P. 12(b)(6) "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991) (citations omitted). See also Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir.1991).
 
 
 3
 "[T]he appropriate statute of limitations for § 1983 actions arising in Kansas is two years, under Kan.Stat.Ann. § 60-513(a)(4)." Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991). See also Newcomb v. Ingle, 827 F.2d 675, 679 n. 7 (10th Cir.1987) (per curiam); Cowrey v. Eastborough, 730 F.2d 1376, 1378 (10th Cir.1984); Hamilton v. City of Overland Park, 730 F.2d 613, 614 (10th Cir.1984), cert. denied, 471 U.S. 1052 (1985). For purposes of the statute of limitations, § 1983 actions accrue when the plaintiff knows or has reason to know of the injury which is the basis of his action. Johnson, 925 F.2d at 1301. See also Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir.1980), cert. denied, 450 U.S. 920 (1981); Bireline v. Seagondollar, 567 F.2d 260, 263 (4th Cir.1977), cert. denied, 444 U.S. 842 (1979). "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." Johnson, 925 F.2d at 1301. See also Singleton, 632 F.2d at 191; McCune v. City of Grand Rapids, 842 F.2d at 903, 906 (6th Cir.1988).
 
 
 4
 Notwithstanding plaintiff's contention that his "cause of action is predicated on numberous [sic] acts occurring over and extended period, [and that] the cause of action accrues with each new act,"[1] all of the alleged acts underlying the cause of action occurred on May 26, 1988. Plaintiff alleges that on May 26, 1988, he was falsely arrested and imprisoned on charges of possessing a stolen vehicle. He was handcuffed and transported to the Olathe Police station. Detective Sullivan then allegedly coerced plaintiff to return to Missouri, with officers of the Kansas City Police Department, by threatening to file criminal charges against him in Kansas. Plaintiff returned to Missouri with the Kansas City Police officers on that same day.[2] Plaintiff makes absolutely no allegation of any act by any defendant in this case, subsequent to May 26, 1988, to support his claim.[3]
 
 
 5
 Plaintiff's attempt to extend the date that his cause of action accrued by alleging a conspiracy between the defendants and members of the Kansas City Police Department is meritless. While we have recognized that "conspiracy is a viable claim under § 1983," Robinson v. Maruffi, 895 F.2d 649, 654 (10th Cir.1990) (citations omitted), the conspiracy alleged was completed once plaintiff returned to Missouri on May 26, 1988. Plaintiff does not allege that his current incarceration is the basis for his § 1983 claim. On the contrary, plaintiff's conspiracy claim relates solely to his arrest and detention by Detective Sullivan, and subsequent transportation back to Missouri, all of which occurred on May 26, 1988.
 
 
 6
 Plaintiff also argues that the statute of limitations is tolled by his Missouri conviction. The United States Supreme Court has held that state tolling rules apply to § 1983 actions. Board of Regents v. Tomanio, 446 U.S. 478, 492 (1980). The Kansas statute, which provides relief from the statute of limitations for "[p]ersons under legal disability," reads, in pertinent part, as follows:
 
 
 7
 If any person entitled to bring an action ... at the time the cause of action accrued or at any time during the period the statute of limitations is running, is ... imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed....
 
 
 8
 Kan.Stat.Ann. § 60-515(a) (1983). The complaint indicates that plaintiff is currently incarcerated in the Missouri State Penitentiary. While the record does not indicate when plaintiff first became incarcerated, even if we assume that plaintiff has been in custody since May 26, 1988, § 60-515(a) does not save plaintiff's claim from being barred by the statute of limitations.
 
 
 9
 Where an inmate "has access to the court for purposes of bringing an action," the inmate "shall not be deemed to be under legal disability." Id. The complaint states that on June 19, 1989, plaintiff filed an action in the Western District of Missouri alleging an illegal extradition. Bernard Wayne Williams v. Kansas City Bd., No. 89-0575 CV-WSP. Thus, plaintiff had access to the court no later than June 19, 1989, and Kansas law would deem him not to be under any legal disability from at least this point forward. If plaintiff seeks to rely on § 60-515(a), he was required to bring his action within one year after he first had access to the court which would have been June 19, 1990. See Lewis v. Shuck, 623 P.2d 520, 523-24 (Kan.App.1981) (plaintiff who is imprisoned during period when statute of limitations is running must bring action within one year after "removal of disability"). Because plaintiff did not file his action until February 1991, § 60-515(a) does not save plaintiff's claim from being barred by the statute of limitations.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After examining the brief filed by appellant and the record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. This case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff cites Simons v. Neises, 395 P.2d 308 (Kan.1964), and Henderson v. Talbot, 266 P.2d 273 (Kan.1954), as authority for this argument. It is now settled in this circuit that "federal law controls questions relating to accrual of federal causes of action." Newcomb, 827 F.2d at 678 (footnote omitted). Therefore, plaintiff's authority is inapposite
 
 
 [2]
 Plaintiff was subsequently convicted on criminal charges in Missouri and received a sixty-five year sentence for which he is presently incarcerated. The fact that plaintiff remains incarcerated in the Missouri State Penitentiary, does not alter our conclusion with respect to his false imprisonment claim as Missouri state officials are not named as defendants in this action
 
 
 [3]
 While Detective Sullivan testified at plaintiff's criminal trial in April 1989, plaintiff does not allege that Detective Sullivan's testimony is an occurrence underlying his cause of action; rather, he merely points to the testimony as evidence of Detective Sullivan's alleged unlawful conduct on May 26, 1988. R. doc. 7