43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Everett CAMERON, Plaintiff-Appellant,
v.
Gary STOTTS, Secretary of Corrections, Richard Mills, former
Secretary of Corrections, Herbert Maschner, former Warden,
Robert Tansy, former Deputy Warden, Kenneth Lynch, former
Major, and all associated with Kansas State Prison and
Department of Corrections, Defendants-Appellees.
 No. 93-3359.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1994.
 
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Everett Cameron appeals the district court's dismissal of his 42 U.S.C.1983 action for appellees' alleged constitutional violations between 1981 and 1987. The district court held this claim time-barred. Upon Mr. Cameron's motion to amend the judgment, the district court reaffirmed its decision. We grant Mr. Cameron's motion for informa pauperis status, and we affirm the decisions of the district court.
 
 
 3
 After Mr. Cameron's attempted escape, Kansas State Prison (KSP) officials placed him in administrative segregation. He remained there from 1981 to 1985, when he was mistakenly transferred to Iowa State Prison's (ISP) administrative segregation unit. In 1987, officials returned Mr. Cameron to the KSP and again placed him in administrative segregation. In this section 1983 action, Mr. Cameron alleges several constitutional violations occurring between 1981 and 1987, including violations of the equal protection clause and the right to be free from cruel and unusual punishment.
 
 
 4
 Kansas law determines the statute of limitations and tolling rules for section 1983 claims filed in Kansas. Wilson v. Garcia, 471 U.S. 261, 266-69 (1985). The two-year statute of limitations for injuries to the rights of others, Kan. Stat. Ann. 60-513(a)(4), applies to civil rights actions brought pursuant to section 1983. Hamilton v. City of Overland Park, 730 F.2d 613 (10th Cir.1984), cert. denied, 471 U.S. 1052 (1985). The statute of limitations is tolled for a prisoner serving "a term less than such person's natural life" unless the prisoner "has access to the court for purposes of bringing an action." Kan. Stat. Ann. 60-515(a). Under section 60-515(a), a prisoner has access to the courts when he is able to file a complaint. See Williams v. Olathe, Kansas Police Department, No. 91-3100, 1991 WL 191073, at * 2 (10th Cir. Sept. 26, 1991); Duncan v. Jenkins Co., No. 93-2549-JWL, at * 2, 1994 WL 377148 (D. Kan. June 28, 1994).
 
 
 5
 Mr. Cameron contends that his claim for alleged constitutional violations between 1981 and 1987 is not time-barred because the statute of limitations is tolled pursuant to section 60-515(a). He argues that administrative segregation denies him access to the courts. We are not persuaded. The very filing of this claim undermines his argument. Upon return to the KSP in 1987, officials placed Mr. Cameron in the same administrative segregation in which he resided from 1981 to 1985. Compl., at 1/2 41. From this administrative segregation, Mr. Cameron filed the present section 1983 action, including several supporting briefs and motions in which he cites extensive legal authority. The present lawsuit is proof that the KSP's administrative segregation affords Mr. Cameron access to the courts as required in section 60-515(a).
 
 
 6
 Although Mr. Cameron resided in ISP's administrative segregation from 1985 to 1987, we need not decide whether he enjoyed access to the courts during this period. Even if he were denied access to the courts while at the ISP, Mr. Cameron regained access upon return to the KSP in January 1987. Once such legal disability is removed, a prisoner has one year to file a complaint. Kan. Stat. Ann. 60-515(a). Mr. Cameron did not file his section 1983 action before January 1988. In fact, he did not file until September 1993, almost six years after he returned to the KSP's administrative segregation where, as we have already concluded, he enjoyed access to the courts.
 
 
 7
 Section 60-515(a) does not save Mr. Cameron's claim from being barred by the statute of limitations. We AFFIRM the district court's dismissal.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470