Cindy S. GARDNER, By and Through Her Guardian, Michael S. GARDNER, and Michael S. Gardner, Individually, Plaintiffs,

v.

TOYOTA MOTOR SALES, U.S.A., INC., a Foreign Corporation, Toyota Motor Corporation, a Foreign Corporation, and Chrysler Corporation, a Delaware Corporation, Defendants.

No. 91–1496–K.

United States District Court, D. Kansas.

June 3, 1992.

Mark Hutton of Michaud, Hutton & Bradshaw, Wichita, Kan., for plaintiffs.

James Jarrow of Baker, Sterchi & Cowden, Overland Park, Kan., Larry Withers of Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., for defendant Chrysler.

No counsel entered for defendants Toyota.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

Defendant Chrysler Corporation seeks dismissal of the plaintiffs' first amended complaint, alleging that the action is untimely. The complaint alleges that plaintiff Cindy Gardner was injured in a 1989 automobile accident. At the time of the accident, she was riding in a Dodge Caravan driven by Terri Garrison. The Garrison car was struck in the rear by a Toyota Corolla driven by Steven Green. Gardner and her husband and guardian, Michael Gardner have previously sued Garrison and Green in state court. Those actions have been settled. The present action takes the form of a lawsuit by Cindy and Michael Gardner against the manufacturers of the automobiles involved in the accident.

The history of the present action is familiar to that recently addressed by the court in the breast implant cases. *Steward v. Dow Corning Corp.*, No. 92–1105–K, 1992 WL 75195 (D.Kan. Mar. 13, 1992). *See also Murray v. Sevier*, No. 92–1073–K, 1992 WL 75212 (D.Kan. Mar. 13, 1992). On December 3, 1991, separate actions were brought against Chrysler and Toyota. Each case was given a separate case number and was assigned to a different judge. No attempt to serve process was made at the time.

Instead, the case assigned to Judge Crow (the suit against Chrysler) was dismissed on motion of the plaintiffs on December 5, 1991, two days after it had originally been filed. On the same day, the plaintiffs filed an amended complaint to include Chrysler as a defendant in the Toyota action before this court.

The issue immediately before the court is not, as in the breast implant cases, the determination of the correct response to an attempt to manipulate the district's random selection process. Such activity is serious in itself. In the present action, however, the defendant seeks a dismissal of the Gardner claim with prejudice, a dismissal sought on the grounds that the action against Chrysler is time-barred.

The accident occurred on December 3, 1989. The ordinary two-year statute of limitations under K.S.A. 60–513 therefore expired on Wednesday, December 4, 1991. Thus, while the original actions against Chrysler and Toyota were timely filed under 60–513, the current amended action

against Chrysler, filed on December 5, may not be timely. It is that delay which has prompted Chrysler's motion to dismiss.

The plaintiffs' decision to dismiss and refile may have occurred due to the impression that, under the savings provision of K.S.A. 60–518, they had an additional six months from the date of dismissal in which to refile their claim against Chrysler. The savings provision contained in that statute is not applicable, however, where there has been no service of process in the initial action. *Newell v. Brollier,* 239 Kan. 587, 589, 722 P.2d 528 (1986); *Dunn v. City of Emporia,* 7 Kan.App.2d 445, 452, 643 P.2d 1137 (1982). And, as noted earlier, the plaintiffs never attempted service of process of the Chrysler December 3 complaint.

### 1. *Application of K.S.A. 60–513*

■ The current motion to dismiss turns on the identification and application of the appropriate Kansas statute of limitations. One potential limitations period governing the present case is the general two-year limitations period created by K.S.A. 60–513. If this rule controls and is not tolled in some manner, the current action against Chrysler is indeed time-barred. The plaintiffs argue that the amended complaint filed December 5 relates back to the original December 3 complaint and is therefore timely.

Fed.R.Civ.P. 15(c) does allow an amendment to relate back in time under certain circumstances. The rule even allows an amendment adding a party after the expiration of the statute of limitations, if the claim arose out of the occurrence described in the original complaint, and if, within time provided in the rule for service of process,

> the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

(Fed.R.Civ.P. 15(c)(3)).

Kansas law contains a provision which is substantially similar. *See* K.S.A. 60–215(c).

However, the relation back doctrine does not apply here, since the plaintiffs were not operating under "a mistake concerning the identity of the proper party." The contemporaneous complaints filed against Toyota and Chrysler on December 3, 1991 demonstrate that the plaintiffs knew from whom they sought redress. Relation back to add an omitted party is appropriate only where the party seeking the amendment was prevented from bringing the action against the omitted party due to a mistake of identity. *Manildra Milling Corp. v. Ogilvie Mills, Inc.,* 746 F.Supp. 40 (D.Kan.1990); *Martindale v. Tenny,* 250 Kan. 621, 829 P.2d 561 (1992). Since the present case does not present an attempt to correct the initial complaint's misidentification of the proper defendant, the first amended complaint cannot relate back in time.

### 2. *K.S.A. 60–515 and Incapacity*

The second potential limitations provision which may apply to the present case is K.S.A. 60–515. This statute creates a distinct limitations period for persons operating under a legal disability. Such persons may bring an action within one year after their disability is removed, but no longer than eight years after the cause of action arose.

In relation to K.S.A. 60–515, there are two separate issues which must be distinguished. The first question is whether the amended complaint filed by the plaintiffs is sufficient to invoke the protection of 60–515. That question is one of the sufficiency of the complaint and may appropriately be determined at the present stage. The second question is a factual matter which will require discovery and must be tested at trial or on summary judgment.

■ In its motion, Chrysler argues that the complaint fails to raise the application of K.S.A. 60–515. Under Kansas law, a party seeking to raise the tolling provisions

provided by 60–515 must assert the facts justifying its application in his complaint.

Where the injured party does not assert legal incapacity as a cause for delay in commencing an action in court, such injured party stands in the position of a person possessing the attributes of a person with legal capacity, when confronted with the two-year statute of limitations in a negligence action.

*Seymour v. Lofgreen,* 209 Kan. 72, 77, 495 P.2d 969 (1972). *See also Force v. Bates,* 177 Kan. 438, 442, 280 P.2d 584 (1955); *Bradley v. Hall,* 165 Kan. 358, 360, 194 P.2d 943 (1948).

■ Reviewing the amended complaint, the court finds that it can and should be read to assert facts sufficient to withstand the present motion to dismiss. In determining whether the amended complaint sufficiently raises the issue of incapacity, one important issue which has not been addressed by any of the parties is whether the rule stated in *Seymour* is a substantive rule which must be applied by this court. Sitting in a diversity action, the court is obliged, of course, to apply the state statute of limitations and other provisions of state law that are integral to that statute of limitations. *See, e.g., Walker v. Armco Steel Corp.* 446 U.S. 740, 751, 100 S.Ct. 1978, 1985–86, 64 L.Ed.2d 659 (1980). The *Seymour* rule, however, appears to be a rule of pleading rather than an integral part of the state statute of limitations.

■ Nonetheless, the court finds that, even if it were to apply the pleading requirements of *Seymour* and similar cases, the amended complaint sufficiently raises the issue of incapacity. Although the complaint does not expressly mention K.S.A. 60–515, it does state that as a result of the December 3, 1989 accident, Cindy Gardner received "serious and permanent brain damage." More importantly, Cindy Gardner's complaint is expressly brought "by and through her guardian Michael Gardner."

Under Kansas law, a guardian may be appointed for a minor or a disabled person. K.S.A. 59–3006(a). Either circumstance would satisfy the requirements of K.S.A. 60–515, which supplies a distinct limitations period for any person "less than 18 years of age [or] an incapacitated person." *See also* K.S.A. 59–3002 (defining "disabled person" for purposes of guardianship statute); *and* K.S.A. 77–201, *Thirty-first* (explicitly equating "incapacitated person" with "disabled person" under K.S.A. 59–3002).

The court finds that the amended complaint sufficiently raises the issue of incapacity to withstand the present motion to dismiss. The Kansas Supreme Court has indicated that the appointment of a guardian is not a necessary prerequisite to the application of K.S.A. 60–515. *Seymour,* 209 Kan. at 78, 495 P.2d 969 (citing *Lantis v. Davidson,* 60 Kan. 389, 56 P. 745 (1899)). Such an appointment, however, coupled with an explicit allegation of serious and permanent brain damage, is certainly sufficient to inform the defendant of the potential application of K.S.A. 60–515. The amended complaint is not defective on its face.

This question, is of course, distinct from the issue of the ultimate applicability of K.S.A. 60–515, which will depend upon proof that plaintiff Cindy Gardner was indeed incapacitated within the meaning of the statute.[1] That will have to await consideration of facts presented at summary judgment or at trial. Currently the sole issue is the sufficiency of the complaint in the face of the motion to dismiss.

■ However, while the court finds that the amended complaint raises sufficient fact allegations to keep Cindy's claim against Chrysler alive for now, the same does not hold true for her husband Michael's independent claims. The amended complaint includes claims, brought independently in the name of Michael Gardner, for loss of consortium, expenses, and punitive

---

**1.** Both parties discuss the history of the prior state proceedings for inferences of capacity or lack of capacity (or waiver of the right to allege incapacity) on the part of Cindy Gardner. The procedural history of those actions, actions in which defendant Chrysler was not a party and which presented separate issues, is neither conclusive, relevant, or clear. What is clear is that the question of incapacity under K.S.A. 60–515 must be independently determined herein by the trier of fact.

damages. There is no suggestion that Michael is incapacitated or otherwise entitled to the protections of K.S.A. 60–515.

Under Kansas law, the claim for consortium should be brought by Cindy for the benefit of Michael. K.S.A. 23–205. Where the spouse filing an action for personal injuries is incapacitated, it appears that the limitations period governing a related claim for loss of consortium is governed by K.S.A. 60–515. *See McGuire v. Sifers*, 235 Kan. 368, 681 P.2d 1025 (1984).

There is nothing to suggest that Michael's independent claims for expenses and punitive damages, however, are entitled to such treatment. The basis for these claims is not clear under Kansas law. It is certain, however, that the law provides no indication that the general two-year limitations period of K.S.A. 60–513 does not or should not control. And since, as indicated earlier, the amended complaint does not relate back, Michael's claims for expenses and punitive damages against Chrysler are untimely and must be dismissed.

IT IS ACCORDINGLY ORDERED this 3rd day of June, 1992, that defendant Chrysler Corporation's motion to dismiss (Dkt. No. 11) is hereby granted in part and denied in part.