No. 77,483

FRANCES BIRITZ, Personal Representative of the Estate of DONALD J. BIRITZ, Deceased, *Appellee,* v. JOAN J. WILLIAMS, *Appellant.*

(942 P.2d 25)

Opinion filed July 11, 1997.

*Scott C. Long,* of Payne & Jones, Chartered, of Overland Park, argued the cause, and *Julie A. N. Sample,* of the same firm, was with him on the brief for appellant.

*J. Michael Murphy,* of Liberty, Missouri, argued the cause, and *Merle E. Parks,* of Evans and Mullinix, P.A., of Kansas City, and *Martin J. Maxwell,* of Kansas City, Missouri, were with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Plaintiff, the widow and personal representative of the deceased, filed a personal injury action against the defendant more than 2 years after an automobile accident had occurred. Defendant filed a motion for summary judgment, claiming that the action was barred by the 2-year statute of limitations. The district court found that because the deceased became disabled prior to death and prior to the expiration of the statute of limitations, plaintiff's action was timely. Defendant was granted an interlocutory appeal pursuant to K.S.A. 60-2102.

On March 31, 1993, Donald Biritz was injured in an accident when his automobile was struck by an automobile driven by defendant Joan Williams. While Biritz was being treated for his injuries, his physicians discovered he had terminal lung cancer. Shortly before his death, Biritz was admitted to a nursing home, where he died on January 24, 1995.

On January 17, 1996, Biritz' wife, Frances, filed a negligence action against Williams on behalf of her deceased husband. Since the accident had occurred on March 31, 1993, the petition was filed beyond the 2-year statute of limitations for negligence actions provided in K.S.A. 60-513. In an amended petition, Frances Biritz alleged that "for at least seven months or a substantial period of time immediately prior to his death, Donald L. Biritz was incapacitated, disabled and unable to manage his affairs and care for himself all within the meaning and purview of K.S.A. 60-515."

Subsequently, Williams filed a motion for summary judgment, claiming that the 2-year statute of limitations had expired on March 31, 1995, and that Frances Biritz' claim was beyond that period and should be dismissed. Williams asserted that although Biritz was in pain and hospitalized during the last weeks of his life, the legal disability tolling statute, K.S.A. 60-515, did not extend the time for Frances Biritz to file a claim because Biritz was not disabled in a manner qualifying him for the tolling relief afforded by the statute.

Biritz' treating physician, Dr. Merrit Fricke, was deposed and testified that he examined Biritz the day before his death and found that Biritz was semi-comatose and unable to communicate. Dr.

Fricke indicated that Biritz' semi-comatose state could be attributed to his prescribed medications. Dr. Fricke further testified that the medications had been prescribed for pain because Biritz' cancer had metastasized to his brain. Dr. Fricke stated that for approximately 48 hours preceding his death, Biritz was unable to make any decisions on his own behalf, unable to care for his basic needs, and unable to think clearly. The doctor testified the semi-comatose condition continued uninterrupted until Biritz' death on January 24, 1995. There was no evidence in the record that controverts the fact that Biritz was semi-comatose for the last 2 days of his life.

In denying Williams' motion for summary judgment, the district court found it was uncontroverted that at least during the 48-hour period beginning the day before Biritz died and ending with his death, Biritz was semi-comatose and unable to care for his physical or financial well-being. The district court observed that K.S.A. 60-515 tolls the statute of limitations for a person who is incapacitated at the time the cause of action accrues or at any time during the period the statute of limitations is running, and further provides that if death occurs before the disability terminates, the statute of limitations is similarly tolled for the deceased person's representative. Since Biritz died before the 2-year statute of limitations expired, the district court found K.S.A. 60-515 applied to toll the statute of limitations. When denying Williams' motion for summary judgment, the court stated:

"The statute does not limit its applicability in situations where the disability is caused by the 'dying process.' Had the legislature tried to incorporate such an exception it would be very hard to apply since all living beings are in the process of dying from the moment of their conception. In the case at hand, Mr. Biritz was clearly disabled for the last two days of his life. The statute does not create a minimum time during which the disability must exist. The purpose of the statute is to protect an individual who does not have the capacity to be aware of and make a decision about whether an action should be pursued. Defendant makes a policy argument that in this case there was a period of time during which Mr. Biritz was not disabled and could have chosen to file a petition and did not. The defendant's argument continues that since Mr. Biritz' period of disability was short it is not fair to allow an extension of one year. Even though Mr. Biritz had some time to contemplate this action, as death loomed closer, it is doubtful that this action was

foremost on his mind. The legislature does not appear to have been concerned with the length of disability or it would have dealt with it in the statute."

The sole issue is whether the district court properly denied Williams' motion for summary judgment and, under the facts, correctly construed K.S.A. 60-515 to entitle the widow to commence the action within 1 year after the husband's death. The rules governing summary judgment have been stated often. Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Patterson v. Brouhard*, 246 Kan. 700, 702, 792 P.2d 983 (1990). The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. *Bacon v. Mercy Hosp. of Ft. Scott*, 243 Kan. 303, 306, 756 P.2d 416 (1988). Where the affirmative defense of the statute of limitations is asserted, summary judgment may be proper where there is no dispute or genuine issue as to the time when the statute commenced to run. *Hecht v. First National Bank & Trust Co.*, 208 Kan. 84, 93, 490 P.2d 649 (1971). On appeal, we read the record in the light most favorable to the party who defended against the motion for summary judgment, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.

In determining whether the motion for summary judgment was properly denied, we must first review several statutes. K.S.A. 60-515 provides:

"(a) Effect. Except as provided in K.S.A. 60-523, if any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, *an incapacitated person* or imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.

"Notwithstanding the foregoing provision, if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability.

"(b) Death of person under disability. If *any person* entitled to bring an action dies during the continuance of *any disability* specified in subsection (a) and no determination is made of the cause of action accrued to the deceased, any person entitled to claim from, by or under the deceased, may commence such action within one year after the deceased's death, but in no event shall any such action be commenced more than eight years beyond the time of the act giving rise to the cause of action." (Emphasis added.)

K.S.A. 1996 Supp. 77-201 *Thirty-first,* the definitional section of the Kansas Statutes Annotated, provides that "incapacitated person," wherever used in the statutes, means "disabled person" as defined in K.S.A. 59-3002.

K.S.A. 59-3002 states the definition of the term "disabled person" as that term is used in the act for obtaining a guardian or conservator:

"(a) 'Disabled person' means any adult person whose ability to receive and evaluate information effectively or to communicate decisions, or both, is impaired to such an extent that the person lacks the capacity to manage such person's financial resources or, except for reason of indigency, to meet essential requirements for such person's physical health or safety, or both. A person shall not be considered to be disabled or to lack capacity to meet the essential requirements for physical health or safety for the sole reason such person relies upon or is being furnished treatment by spiritual means through prayer, in lieu of medical treatment, in accordance with the tenets and practices of a recognized church or religious denomination of which such person is a member or adherent.

"(b) 'Manage financial resources' means those actions necessary to obtain, administer and dispose of real and personal property, intangible property, business property, benefits and income.

"(c) 'Meet essential requirements for physical health or safety' means those actions necessary to provide the health care, food, shelter, clothing, personal hygiene and other care without which serious physical injury or illness is more likely than not to occur."

In discussing the legal disability statute in *Seymour v. Lofgreen,* 209 Kan. 72, 495 P.2d 969 (1972), the court stated:

"A person under legal disability is an 'incapacitated person' as defined in K.S.A. 77-201(31) and K.S.A. 1971 Supp. 59-3002(1).

"It is not necessary that the injured party be legally adjudicated an 'incapacitated person,' as defined in the above statutes, before receiving protection extended to such persons under the statute of limitations." 209 Kan. at 78 (citing *Lantis v. Davidson,* 60 Kan. 389, 56 Pac. 745 [1899]).

See also *Gardner v. Toyota Motor Sales*, 793 F. Supp. 287, 290 (D. Kan. 1992) (appointment of guardian not a necessary prerequisite to the application of K.S.A. 60-515; applying Kansas law).

The issue requires the court to construe K.S.A. 60-515. It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992). K.S.A. 60-102 requires us to construe the Code of Civil Procedure liberally "to secure the just, speedy, and inexpensive determination of every action or proceeding." Where the language used in a statute is plain and unambiguous and also appropriate to an obvious purpose, the court should follow the intent expressed by the words used. *Underwood v. Allmon*, 215 Kan. 201, 204, 523 P.2d 384 (1974); *City of Overland Park v. Nikias*, 209 Kan. 643, 646, 498 P.2d 56 (1972).

K.S.A. 60-515 creates an alternative, but specific, limitations period for persons under a legal disability. *Gardner*, 793 F. Supp. at 289. The purpose of K.S.A. 60-515, which is a part of the Code of Civil Procedure, is to mitigate the difficulties of preparing and maintaining a civil suit while the plaintiff is under a legal disability. See *Lewis v. Shuck*, 5 Kan. App. 2d 649, 651, 623 P.2d 520, *rev. denied* 229 Kan. 670 (1981) (citing *Kaiser v. Cahn*, 510 F.2d 282, 286 [2d Cir. 1974]). The statute does not suspend, interrupt, or extend the statute of limitations, but operates merely to toll the statute of limitations under stated circumstances. In order for the provisions of K.S.A. 60-515(a) to toll the statute of limitations, a disability prescribed by that statute must have existed at the time the cause of action accrued or have come into existence during the period the applicable statute of limitations was running, without regard to any tolling of the statute. *Lewis*, 5 Kan. App. 2d at 652.

Williams argues that Biritz was not incapacitated or under a legal disability within the meaning of K.S.A. 60-515 at the time of his death. Williams concedes that the "intent underlying the tolling

provision . . . is to ensure that claimants who would not otherwise have access to the court system due to an incapacity are given fair opportunity to assert their claims." Williams recognizes that the statute prevents a waiver of a legal right to pursue a claim by someone who, through no fault of his or her own, is unable to file a claim prior to the expiration of the statute of limitations.

However, after stating these concessions, Williams argues that since the disability suffered by Biritz was in part chemically induced for the purpose of pain relief, Biritz was somehow at fault for sustaining the disability. Williams also notes that Biritz had the capacity to manage his own affairs until sometime before his death. For example, Williams points out that sometime before his death, Biritz sought representation from an attorney to pursue a workers compensation claim. Still, Williams does not dispute that at least during the 48-hour period prior to Biritz' death, Biritz was unable to communicate, to receive and evaluate information, to manage his financial resources, or to care for his physical health or safety.

Williams also argues that the 2-day duration of Biritz' disability was too short a time to invoke the tolling provision of K.S.A. 60-515. Williams maintains that if K.S.A. 60-515 is applied to preserve such claims, trial courts will be required to hold that every person who dies after the shortest period of "confusion, distraction, unconsciousness, or heavy medication," is entitled under K.S.A. 60-515 to an additional year from his or her death to assert claims viable during his or her life, notwithstanding the expiration of the statute of limitations. Williams predicts that the practical result of such a determination would be to "extend the applicable statute of limitations in each and every instance where a decedent succumbs to a non-instantaneous death."

The only case cited by Williams in support of her interpretation of K.S.A. 60-515 is *McKay v. Cutlip*, 80 Ohio App. 3d 487, 609 N.E.2d 1272 (1992). *McKay* involved an action brought by a daughter against her father charging sexual assault in which a statute similar to K.S.A. 60-515 would have tolled the applicable limitations period while the daughter was of "unsound mind." When the father moved for summary judgment on statute of limitations grounds, the daughter claimed her alleged life-long alcoholism and

drug addiction qualified her as being of unsound mind under the statute. To bolster her claim of unsound mind, the daughter tendered her own affidavit and affidavits from her sister and daughter as well as a psychologist's report. The *McKay* court found that although the affidavits supported the daughter's claim of drug addiction and alcoholism, they did not demonstrate that her condition, which she claimed lasted for 15 to 20 years, continually prevented the timely prosecution of her lawsuit. 80 Ohio App. 3d at 491-93. *McKay* provides no authority for the issues raised here because Biritz' semi-comatose condition continually prevented him from prosecuting his lawsuit for the period the condition existed and did not exceed the limitations imposed by K.S.A. 60-515.

The difficulty with the interpretation of K.S.A. 60-515 urged upon the court by Williams is that it requires the court to read into K.S.A. 60-515 limitations and qualifications not expressly intended by the legislature. The statute tolls the statute of limitations for *any person* who is incapacitated at the time the cause of action accrues or *at any time during the period the statute of limitations is running,* and further provides that if death occurs before the disability terminates, the statute of limitations is similarly tolled for the deceased person's representative. The statute is not ambiguous and clearly applies to *any* disability.

As previously noted, a legal disability is defined as lacking the capacity to manage financial resources or meet essential requirements for one's physical health or safety. This action accrued March 31, 1993. The time for the running of the statute of limitations expired March 31, 1995. On January 23 and 24, 1995, during the running of the statute of limitations, Biritz lapsed into a semi-comatose state in which he remained until he died on January 24, 1995. K.S.A. 60-515 refers without qualification to "any disability" as sufficient to toll the statute of limitations. The evidence was uncontroverted that Biritz' condition was a disability recognized in K.S.A. 60-515; therefore, Frances Biritz was entitled to bring the action within 1 year after the date of her husband's death. Under the facts, the action was timely and summary judgment was properly denied.

Affirmed.

LARSON, J., not participating.

E. NEWTON VICKERS, Senior Judge, assigned.