Sandra L. Jacquot Shawnee County Counselor 200 S.E. 7th Street, Suite 100 Topeka, Kansas 66603-3932
Dear Ms. Jacquot:
You request our opinion regarding the impact of 1999 House Bill No. 2565, Section 6(d), on Washburn University's ability to participate in the distribution of motor vehicle taxes under K.S.A. 79-5109. You note that Section 6 of the bill amends K.S.A. 1998 Supp. 13-13a23 to provide that if the Board of Regents of Washburn University levies a retailers' sales tax under the provisions of the bill, it shall be prohibited from levying any property tax other than those provided for in K.S.A. 13-13a23 and K.S.A. 75-6111. You question whether this section should be interpreted to prohibit the University from receiving any portion of the motor vehicle tax levied in Shawnee County.
The new provision in question provides as follows:
 "(d) The board of regents which has levied a retailers' sales tax under the provisions of this act shall levy no other property tax except as authorized by K.S.A. 13-13a23, and amendments thereto, and K.S.A. 75-6111 (sic), and amendments thereto."[1]
Subsection (c) of K.S.A. 1998 Supp. 13-13a23, as amended, authorizes municipal universities to levy taxes on property to provide for the sinking fund established under that statute, construction and equipping of buildings and other capitalized equipment or permanent improvements. K.S.A. 75-6111 does not deal with tax levies, so it appears that the reference should be to K.S.A. 75-6110, which authorizes certain municipalities to levy a property tax to help pay costs for a special liability expense fund established under the Tort Claims Act.
The fundamental rule of statutory construction, to which all other construction rules are subordinate, is that the intent of the Legislature controls if that intent can be ascertained from the statute; where the language used is plain and unambiguous and also appropriate to the obvious purpose of the law, the courts should follow the intent as expressed by the words used.[2]
Clearly, if Washburn University opts to impose a retailers' sales tax under the provisions of 1999 House Bill No. 2565, it will no longer be able to levy property taxes under K.S.A. 13-13a18,12-16,102 or any other statute not excepted from the provisions of Section 6(d) that authorizes the University to levy a tax on property. However, Washburn University does not levy the motor vehicle tax; that tax is imposed by the State of Kansas, collected by the various counties and distributed to taxing subdivisions within each county according to a statutory formula.[3]
Because Section 6 only prohibits Washburn University from levying
any property tax not excepted from its provisions, it does not apply to the motor vehicle tax. As a practical matter, however, because the motor vehicle tax is distributed based on each taxing entity's mill levy for the base year,[4] Washburn University's share of the tax will diminish after it imposes the sales tax and discontinues levying its K.S.A. 13-13a18, 12-16,102 and any other affected property tax.
Our conclusion is supported by the language in New Section 1 of 1999 House Bill No. 2565(d). If, within 30 days of the final publication of the resolution seeking to impose a countywide retailers' sales tax, a petition signed by the requisite number of qualified electors in Shawnee County is filed to bring the question of imposing the tax to a vote, the proposition placed on the ballot is to say: "Shall Washburn University of Topeka be authorized to impose a countywide sales tax not to exceed .65% in Shawnee county for purposes of eliminating 15 mills of ad valorem property taxes now levied by the university and eliminating the payment of out-district tuition by the townships within Shawnee county to the university?" This statement says nothing about eliminating Washburn's share in the motor vehicle tax imposed by the State and distributed to the various taxing subdivisions of the state based on their property tax levies. We are advised that the 15 mills referred to is the seven mills currently levied by the University pursuant to K.S.A. 13-13a18 and eight mills levied pursuant to K.S.A. 12-16,102 for the University's employee benefits funds.
Because our answer to your initial question is that House Bill No. 2565 does not prohibit Washburn University from participating in the distribution of motor vehicle tax revenues, we need not address your follow up question dealing with when such tax revenues would cease to accrue to the University.
In conclusion, Section 6 of 1999 House Bill No. 2565 does not preclude Washburn University from participating in the distribution of motor vehicle tax revenues if the University opts to impose a countywide retailers' sales tax under the provisions of that bill.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm
[1] K.S.A. 1998 Supp. 13-13a23, as amended by 1999 HB 2565, § 6.
[2] Britz v. Williams, 262 Kan. 769 (1997); State v.Proffitt, 261 Kan. 526 (1997).
[3] K.S.A. 79-5105, 79-5102(a), 79-5109, 79-5111; see VonRuden v. Miller, 231 Kan. 1 (1982).
[4] K.S.A. 79-5111 and 79-5105(c).