William E. Kennedy III Riley County Attorney Carnegie Building, Second Floor 105 Courthouse Plaza Manhattan, Kansas 66502-0106
Dear Mr. Kennedy:
You request our opinion concerning appointments by the Manhattan City Commission and the Riley County Commission to the Riley County Law Enforcement Agency (RCLEA). K.S.A. 1998 Supp. 19-4427(a) provides for representation on the RCLEA as follows:
 "(2) The Riley county law enforcement agency shall have seven members who shall be selected in the following manner:
 "(A) One member shall be a member of the board of county commissioners of the county, selected by such board of commissioners;
 "(B) one member shall be a resident of the county, to be selected by the board of county commissioners;
 "(C) one member shall be a member of the governing body of the city of Manhattan, to be selected by such governing body;
 "(D) two members shall be residents of the city of Manhattan, to be selected by the governing body of such city;
"(E) one member shall be the county attorney of such county; and
 "(F) one member appointed, on alternating terms, by the governing body of the city of Manhattan and the board of county commissioners of Riley county which member shall be a member of the governing body of the appointing authority."
You ask whether the City and County Commissions may appoint members of their respective commissions as members of the RCLEA pursuant to K.S.A. 1998 Supp. 19-4427(a)(2)(B) and (D).
"When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be."[1] Additionally, the court will not speculate as to the legislative intent behind a statute that is plain and unambiguous, and will not read such a statute to add something not readily found in the statute.[2] The sole requirements for appointees to the RCLEA pursuant to subsections (B) and (D) of K.S.A. 1998 Supp. 4427(a)(2) are plainly stated as "a resident of the county" and "residents of the city of Manhattan." Thus, residency in Riley County is the only requirement of subsection (B) and residency in the City of Manhattan is the only requirement of subsection (D). There is no prohibition in K.S.A. 1998 Supp. 19-4427 against the commissions appointing their own members for the positions designated by those subsections, and we may not read such a prohibition into the statute when the statute is plain and unambiguous.
Although nothing in K.S.A. 1998 Supp. 19-4427(a)(2) prohibits members of the Manhattan City Commission and the Riley County Commission from being appointed to fill the positions designated by subsections (B) and (D) of that statute, we must determine whether there are other statutes that prohibit county or city commissioners from filling those positions. K.S.A. 1998 Supp. 19-205 provides in part that "no person holding any state, county, township or city office shall be eligible to the office of county commissioner in any county in this state." Assuming the positions on the RCLEA constitute a county or city office,[3] there is a conflict between K.S.A. 1998 Supp. 19-205 and K.S.A. 1998 Supp. 19-4427(a)(A) and (F) which require appointment of county commissioners to the RCLEA. When there is a conflict between a statute dealing generally with a subject and another statute that deals specifically with the subject, the specific statute controls.[4] Moreover, a more recent and specific statute will prevail when in conflict with an older, more general statute.[5] K.S.A. 19-4427(a)(2), which specifically addresses membership on the RCLEA, was enacted in 1997,[6] while K.S.A. 19-205, a general statute governing county commissioners in all counties, has been in existence since 1868.[7] Therefore, it is our opinion that the provisions of K.S.A. 1998 Supp. 19-4427 (a)(2) control over the prohibition against county commissioners holding other offices stated in K.S.A. 1998 Supp. 19-205. A similar prohibition against commissioners of cities of the first class holding other offices was repealed in 1998.[8]
We could find no other statute that would prohibit a city or county commissioner from being appointed to the RCLEA.
In conclusion, the Manhattan City Commission and the Riley County Commission may appoint members of their respective commissions as members of the Riley County Law Enforcement Agency pursuant to K.S.A. 1998 Supp.19-4427(a)(2)(B) and (D), as long as those members meet the residency requirements of the statute.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] Biritz v. Williams, 262 Kan. 769, 774 (1997).
[2] George v. Capital South Mortgage Investments, Inc., 265 Kan. 431, 446
(1998).
[3] See Attorney General Opinion No. 99-11.
[4] State v. Fritz, 261 Kan. 294, 302 (1997).
[5] Jones v. Continental Can Co., 260 Kan. 547,556 (1996).
[6] L. 1997, Ch. 3, § 1.
[7] G.S. 1868, Ch. 25, § 12.
[8] L. 1998, Ch. 6, § 1.