Kerry McQueen Attorney for Southwest Medical Center 419 North Kansas, P.O. Box 2619 Liberal, Kansas 67905-2619
Dear Mr. Mc Queen:
You request our opinion on whether Kansas law permits the expenditure of hospital monies for the Southwest Medical Center (SWMC) to purchase real estate and attendant personal property outside the State of Kansas where the purchase is designed to enhance physician recruitment and retention in the SWMC's service area. You indicate that the SWMC was created by the Board of County Commissioners of Seward County pursuant to K.S.A. 19-4601 et seq. The SWMC is a rural regional health care facility with a service area that extends outside the Kansas border.
You correctly state that in Attorney General Opinion No. 92-17, then Attorney General Robert Stephan opined that according to K.S.A. 19-4611(f), a county hospital may use hospital funds to purchase a building and attendant personal property for the purpose of recruiting and retaining staff physicians. However, the question of purchasing property outside the State was not addressed in that opinion.
K.S.A. 19-4624 requires that: "Title to any real or personal property shall be vested in the county where the hospital is located." (Emphasis added.) For purposes of K.S.A. 19-4601 et seq., the term "hospital" includes:
 "[A] medical care facility as defined in K.S.A. 65-425
and amendments thereto and includes within its meaning any clinic, school of nursing, long-term care facility, limited care residential facility and child-care facility operated in connection with the operation of the medical care facility."[1]
You indicate that the property to be purchased in a neighboring state is to be used as a clinic. In order to comply with K.S.A. 19-4624, the title to this clinic would have to vest in the county where it is located. The fundamental rule of statutory construction is that the intent of the Legislature governs.[2] When a statute is plain and unambiguous, we must give effect to the intent of the Legislature as expressed, rather than determine what the law should or should not be.[3]
Clearly, the Legislature did not contemplate that a hospital organized under K.S.A. 19-4601 et seq. would own property outside the State. The authority of the Kansas Legislature does not extend to counties located outside the State of Kansas. The Kansas Legislature cannot require that the title to property located in another state, vest in a county in that other state.
Further evidence that the Legislature did not contemplate a hospital purchasing real estate outside the State is the grant of power of eminent domain for the purchase of real property for hospital purposes:
 "If the board and the owner of any real property desired by the board for hospital purposes cannot agree as to the price to be paid therefor, the board shall report the facts to the commission and condemnation proceedings may be instituted by the commission . . . ."[4]
A county commission could not exercise this power of eminent domain outside the State of Kansas.
We can find no general prohibition against a county in Kansas owning property outside the State. However, the title to hospital property must vest in the county where the hospital is located. Therefore, we opine that Kansas law does not permit the SWMC to use hospital monies to purchase real estate and attendant personal property outside the State of Kansas to use as a clinic for the purpose of enhancing physician recruitment and retention in the Southwest Medical Center's service area.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] K.S.A. 19-4601.
[2] Adams v. St. Francis Regional Med. Ctr., 264 Kan. 144, 156
(1998).
[3] Britz v. Williams, 262 Kan. 769, 774 (1997).
[4] K.S.A. 19-4613.