Robert B. HANCHETT, and Shelly D. Hanchett, individually and as administrators of the Estate of Jarrod R. Hanchett, Deceased, Plaintiffs,

v.

SALINE COUNTY BOARD OF COMMISSIONERS, and Saline County Sheriff Glen Kochanowski, Defendants.

No. 00–2075–JWL.

United States District Court, D. Kansas.

April 10, 2001.

Memorandum and Order Denying Reconsideration June 29, 2001.

Henri J. Watson, Watson & Dameron, LLP, Kansas City, MO, for Plaintiff.

M. Kathryn Webb, David L. Vogel, McDonald, Tinker, Skaer, Quinn & Herrington, P.A., Wichita, KS, for Defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This action arises out of the suicide of Jarrod Hanchett on October 17, 1997 while incarcerated in the Saline County Jail. Jarrod hanged himself in his single-person cell by looping a bed sheet through an air vent located approximately seven feet above the ground. Jarrod was the third inmate to hang himself from an air vent since the opening of the jail's single-person cells in April, 1995. On February 14, 2000, Jarrod's parents filed this case against the Saline County Board of Commissioners and Saline County Sheriff Glen Kochanowski, asserting claims of wrongful death and civil rights violations. Shortly thereafter, defendants filed a motion to dismiss all claims on the ground that plaintiffs filed their case outside of the applicable statutes of limitation. On September 8, 2000, the court issued a Memorandum and Order granting in part and denying in part defendants' motion to dismiss (Doc. 17). The court dismissed plaintiffs' wrongful death claim, but found that factual questions prevented it from determining when plaintiffs' civil rights claims accrued for statute of limitations purposes. Although the court allowed plaintiffs' civil rights claims to survive the motion to dismiss, the court suggested that "the question of when plaintiffs' [42 U.S.C.] § 1983 claims accrued may be an appropriate subject of an early summary judgment motion."

On February 14, 2001, defendants followed the court's suggestion and filed a Motion for Summary Judgment on plaintiffs' remaining civil rights claims (Doc. 23). Plaintiffs did not file a response to the motion within the time period prescribed by D.Kan.R. 6.1(e)(2). On March 19, 2001, the court issued an order (Doc. 27) giving plaintiffs notice that, pursuant to D.Kan.R. 7.4, the failure to file a timely response to a motion will result in the motion being "considered and decided as an uncontested motion and ordinarily . . . granted without further notice." The court ordered plaintiffs "to show good cause in writing why defendants Motion for Summary Judgment (Doc. 23) should

not be considered and decided as an uncontested motion and ordinarily granted without further notice." In lieu of responding to the court's order to show cause, plaintiffs filed an untimely response to defendants' motion for summary judgment on March 23, 2001. Plaintiffs' response provided absolutely no explanation as to its late filing and made no mention of the court's order that plaintiffs show good cause why the summary judgment motion should not be granted as uncontested. Therefore, in light of plaintiffs' disregard of the court's order and in accordance with Rule 7.4, defendants' motion for summary judgment is granted.

 The court also grants defendants' motion for summary judgment on its merits, as the undisputed facts clearly show that plaintiffs' § 1983 claims are time-barred. As set forth in the court's September 8, 2000 Memorandum and Order, plaintiffs' civil rights claims are governed by the two year statute of limitations found in K.S.A. § 60–513(a)(4). *Hanchett v. Saline County*, 2000 WL 1375276, at *4 (D.Kan. Sept.8, 2000). Plaintiffs' claims accrued—starting the running of the two-year limitations period—when plaintiffs became aware of facts that would support their § 1983 cause of action. *Id.See also Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir.1995). In other words, as plaintiffs' § 1983 claims arose from Jarrod's conditions of confinement at the Saline County Jail, plaintiffs' claims accrued when plaintiffs knew or had reason to know that defendants were deliberately indifferent to Jarrod's health and safety. *Id.* (citing *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir.1998); *Berry v. City of Muskogee*, 900 F.2d 1489, 1495–98 (10th Cir. 1990)).

At the time of the court's previous order, plaintiffs maintained that they were unaware that defendants "had notice of the dangerous condition of the vents and had a reasonable opportunity to correct this dangerous condition but failed to do so" until February 22, 1998, when plaintiffs learned that two other inmates had previously committed suicide in the same manner as Jarrod.[1] *Id.* In their response to the instant motion, however, plaintiffs admit that they actually knew of all of the facts necessary to support their civil rights claims within two weeks of Jarrod's October 17, 1997 death. During that time period, plaintiffs met with Sheriff Kochanowski, who showed them a vent similar to the vent by which Jarrod hanged himself; described the exact manner in which Jarrod looped a bed sheet through the vent; informed them that two former inmates had died in the same manner; and revealed that he had considered placing covers over the vents prior to Jarrod's death, but did not do so for budgetary reasons. Statement of Uncontroverted[2] Facts ¶¶ 9, 10, 11, 13, 14. Plaintiffs further admit that during the two weeks following Jarrod's death they read articles in the Salina newspaper which reported that Jarrod was the third man to hang himself by weaving a sheet through the vent in his cell at the Saline County jail and that the vents had been covered within days after Jarrod's death. Statement of Uncontroverted Facts ¶¶ 12, 15. Therefore, as plaintiffs knew of the circumstances surrounding Jarrod's death in early November, 1997, the court finds that their § 1983 cause of action accrued at that time.

 Plaintiffs make the argument that their cause of action should not be deemed to have accrued until February 22, 1998

---

1. Jarold Jensen, age 19, hanged himself on October 11, 1995, and Jeremy Lee Geissert, age 18, hanged himself on July 26, 1997.

2. Plaintiffs did not dispute any of the facts alleged by defendants.

because they were "dysfunctional for some months after the death of their son." (Doc. 28 at 2). Although plaintiffs admit that they did not "learn anything new" about the conditions surrounding Jarrod's death following their meeting with Sheriff Kochanowski and their reading of the Salina newspaper articles, (Doc. 28 at 3), they assert that "until at least February of 1998, [they] were consumed with grief over the death of their beloved son ... [and] not capable of determining whether or not Jarrod's constitutional rights had been violated by the defendants." (Doc. 28 at 2–3). While the court is certainly sympathetic to the grief which Jarrod's death caused plaintiffs, the court has uncovered no case tolling the statute of limitations to account for a party's grieving period.[3] *Cf. Wenzel v. Nassau County Police Dept.*, No. CV–93–4888, 1995 WL 836054 (E.D.N.Y. Oct.17, 1995) ("The law is ... clear, however, that depression, anxiety, and neurosis which are the result of post-traumatic shock do not toll the statute of limitations in the absence of clear evidence that plaintiff was so incapacitated as to prevent her from protecting her own legal rights."). Plaintiffs' complaint, filed on February 14, 2000, was filed approximately two years and three months after plaintiffs discovered facts which could support their § 1983 claims. As such, plaintiffs' claims were brought approximately three months too late and must be dismissed as time-barred.[4]

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion for summary judgment (Doc. 23) is granted.

IT IS SO ORDERED.

## MEMORANDUM AND ORDER DENYING RECONSIDERATION

Presently before the court is plaintiffs' one sentence motion for reconsideration of the court's April 10, 2001 Memorandum and Order in which the court granted summary judgment in favor of defendants. Plaintiffs' motion, in its entirety, reads:

**Come now** plaintiffs, by and through counsel, and pursuant to *Rule 59(e)*, hereby move this honorable Court to reconsider its judgment for the defendants on their summary judgment motion and, for the reasons stated on plaintiffs' Objections to Defendants' Motion for Summary Judgment, enter its order denying said motion.

Plaintiffs' motion for reconsideration is summarily denied. *See Schweitzer–Reschke v. Avnet, Inc.*, 881 F.Supp. 530 (D.Kan. 1995) ("A party cannot invoke Rule 59(e) to raise arguments or evidence that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court."); *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D.Kan. 1998)("A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.")

---

3. The court further notes that this is not the type of case to which the Kansas tolling statute, K.S.A. § 60–515, applies. K.S.A. § 60–515 tolls the statute of limitations if a potential plaintiff is legally adjudicated an incapacitated person or otherwise impaired to a substantial degree. *See Biritz v. Williams*, 262 Kan. 769, 773, 942 P.2d 25, 28–29 (1997). Plaintiffs have presented no evidence showing that they were incapacitated; and, in any event, K.S.A. § 60–515 only empowers a person to bring a cause of action within one year after the person's disability is removed.

4. It appears from plaintiffs' deposition testimony that plaintiffs contacted their attorney about this action in early 1998. For whatever reason, plaintiffs' counsel did not file this action until February 2000.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion for reconsideration (Doc. 33) is denied.

IT IS SO ORDERED.