Robert A. Walsh Cloud County Attorney Cloud County Courthouse 811 Washington Concordia, Kansas 66901
Dear Mr. Walsh:
You request our opinion regarding interpretation of an amendment to K.S.A. 28-115 that was passed in the 2002 Session of the Legislature. You indicate that various registers of deeds have taken differing views of what 2002 Senate Bill No. 564, Section 1(b)(3) requires and you therefore seek our opinion to attempt to bring some consistency to the implementation of the amendment.
2002 Senate Bill No. 564 establishes in each county a register of deeds technology fund to be used by the register of deeds "to acquire equipment and technological services for the storing, recording, archiving, retrieving, maintaining and handling of data recorded or stored in the office of the register of deeds."[1] The register of deeds technology fund is to be funded by collection of additional fees for recording certain documents.[2] If the register of deeds fails to collect such fees, the amount of the fees is to be deducted from the register's salary.[3] At the end of each calendar year, any balance of the register of deeds technology fund in excess of $50,000 that is found by the register of deeds to be unnecessary for technology may be transferred, upon authorization of the county commission, and used by other county offices for equipment or technology services relating to the land or property records filed or maintained by the county.[4]
It is the language of Section 1(b) of the bill, establishing the additional fee to be collected, that is in question. New Section 1(b) provides as follows:
"(b) In addition to the fees required to be charged and collected pursuant to subsection (a), the register of deeds shall charge and collect an additional fee of $2 per page for recording:
"(1) The first page of any deeds, mortgages or other instruments of writing, not to exceed legal size-8 1/2;" x 14";
"(2) the second page and each additional page or fraction of any deeds, mortgages or instruments of writing; and
"(3) a release or assignment of real estate mortgage.
"Any fees collected pursuant to this subsection shall be paid by the register of deeds to the county treasurer. The county treasurer shall deposit such funds in the register of deeds technology fund as provided by section 2, and amendments thereto."
The issue is whether this provision requires an additional $2 per page for recording releases or assignments having more than one page, or whether the additional fee should be a flat $2 for recording any such filing regardless of the number of pages involved.
The most fundamental rule of statutory construction, to which all other rules are subordinate, is that the intent of the Legislature governs if that intent can be ascertained.[5] The Legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted.[6] It is not the function of the court, or of this office, to rewrite a statute under the guise of interpretation.[7] When the language used in the statute is plain and unambiguous and also appropriate to the obvious purpose of the act, the court should follow the intent expressed by the words used.[8] In other words, only if the statute is ambiguous to the extent that its meaning cannot be determined by a reading of its words, or if a literal reading would lead to a result inconsistent with the manifest purpose of the statutory enactment, should the courts look behind the express language of the statute.
Section 1(b) of Senate Bill No. 564 clearly requires an additional $2per page for recording a release or assignment of a real estate mortgage. While the "per page" language may cause portions of Section 1(b)(1) and (2) to be redundant, it does not cause an inconsistency requiring resort to legislative history of the enactment,[9] nor does it result in the statute being inconsistent with its manifest purpose of raising revenues for acquisition of equipment and technology services for the storage and retrieval of data recorded or stored in the office of the register of deeds. It is therefore our opinion that the amendment requires an additional fee of $2 per page for the recording of any release or assignment of a real estate mortgage. The fee will now be $7 plus $2 for each additional page.
In conclusion, 2002 Senate Bill No. 564 amends K.S.A. 28-115 to require registers of deeds to collect an additional $2 per page for recording certain documents. With regard to recording a release or assignment of a real estate mortgage, the additional fee is to be $2 per page of such release or assignment.
Very truly yours,
 CARLA J. STOVALL Attorney General
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm
[1] 2002 SB 564, § 2(a), (c).
[2] Id. at §§ 2(b), 1(b).
[3] Id. at § 1(g).
[4] Id. at § 2(g).
[5] Britz v. Williams, 262 Kan. 769, 774 (1997).
[6] Brown v. U.S.D. No. 333, 261 Kan. 134, 142 (1996).
[7] State v. Boyle, 21 Kan. App. 2d 944, 945 (1984).
[8] Britz, 262 Kan. at 774.
[9] Even if we felt it appropriate to look to legislative history, there is no recorded history indicating a contrary intent to that we have found expressed in the statutory language.